## Case No. 1,056.

### BARRON v. NEWBERRY.

[1 Biss. 149.][1]

Circuit Court, N. D. Illinois. April Term, 1857.

MORTGAGES — DECREE OF FORECLOSURE AGAINST BANKRUPT DOES NOT EXTINGUISH EQUITY OF REDEMPTION—ASSIGNEE MUST BE MADE PARTY.

1. A decree of foreclosure against a man who had been duly adjudicated a bankrupt, his as-

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

signee not having been made a party, is insufficient to extinguish the equity of redemption.

2. A bankrupt from the time of rendition of the decree in bankruptcy, is civiliter mortuus, so far as his property is concerned, and the equity of redemption having passed out of him into his assignee, neither the bankrupt nor any court other than the court in bankruptcy can by proceedings to which the assignee is not a party affect his title to the property.

[Cited in Taylor v. Irwin, 20 Fed. 617.]

[See Moore v. Young, Case No. 9,782; Oliver v. Cunningham, 6 Fed. 60.]

3. The mortgagee cannot plead a want of notice, all parties in the absence of fraud being chargeable with notice of proceedings in bankruptcy.

4. The property having been sold by the assignee, under order of the court, the purchaser is entitled to redeem.

5. Title by possession and payment of taxes under state law will not prevent such redemption.

[In equity. Bill by William Barron against Walter L. Newberry. Decree for complainant.]

This was a bill to redeem, filed by the plaintiff as owner of the equity of redemption in the premises described in the bill, situated in Cook county, Illinois, by purchase from Gordon Burnham, who claimed title thereto by deed from W. C. H. Waddell, the assignee in bankruptcy, for the southern district of New York. William L. Haskins, on the 11th day of July, 1836, purchased the premises in question of the defendant, Walter L. Newberry, and received a warranty deed of the same, vesting a title in him in fee simple, which was recorded in Cook county, on the 1st day of September, 1836. At the same time with the execution of said deed, Haskins executed a mortgage of the premises back to Newberry, to secure the payment of the sum of $12,000.00, the unpaid part of the purchase money, with interest at seven per cent., which was also recorded in said county, August 31st, 1836. On the 4th day of March, 1843, Haskins was by a decree in the district court of the United States, for the southern district of New York, declared a bankrupt; and W. C. H. Waddell was by order of said court made his assignee.

Haskins in his schedule of property attached to his petition, had the following entry: "One undivided half of forty acres of land in Chicago, Illinois, for which $4,000.00 principal and $420.00 interest have been paid by petitioner subject to mortgage to Walter L. Newberry for $12,000.00, part of the purchase money." After proper proceedings had upon the motion of Waddell, the assignee, a sale was ordered of the property, by the district court, and on the 15th day of July, 1845, it was sold at public sale to Gordon Burnham, for the sum of $5,00. On the 22nd day of October, 1845, a deed in due form was executed by Waddell, the assignee, to Burnham; but upon the petition of the assignee, the court made an order for another deed

amending the description of the property, which order was executed by the assignee by deed, bearing date October 27th, 1855. On the 29th day of October, 1855, Gordon Burnham, in consideration of $2,000.00, conveyed the same premises to the complainant, William Barron. On the 1st day of March, 1848, long subsequent to the bankruptcy of Haskins, Walter L. Newberry filed a bill in the court of common pleas for Cook county, Illinois, to foreclose his mortgage upon said property. To this bill the only parties defendant were Haskins the bankrupt, and one Marcus Wilbur, and jurisdiction was sought to be obtained by publication under the statute of the state of Illinois. A decree was entered in this suit by default at the May term of the court, 1848, and the premises sold July 27th, 1848, to the present defendant, Walter L. Newberry, who received a master's deed on the 5th of July, 1851, and he now claims to hold the title by virtue of this deed, made to him as purchaser under the decree. Under this state of facts the complainant, William Barron, on the 8th of March, 1856, filed his bill in this court to redeem the premises from the mortgage of Newberry, and set forth therein the title of Haskins, his bankruptcy, the transfer by operation of law of the equity of redemption in the mortgaged premises to Waddell, the assignee, and a conveyance by Waddell, the assignee, to him. He also set forth a tender and offer to pay the amount due on the mortgage, and prayed leave to redeem and for an account, and reference to ascertain the amount due, and that Newberry be decreed to release by deed the said premises to him.

The answer admitted the title of Haskins and the bankruptcy, but denied that the equity of redemption was thereby conveyed to the assignee as against Newberry. It claimed that Newberry had no notice of the bankruptcy, or the title of the assignee, or of the deed of Burnham, and no such title appeared on record in the registry of deeds in Cook county, and nothing to show that Haskins was not the real owner, or held the title in trust for other parties who paid the purchase money. It was admitted that the title of record was vested in Haskins at the time of his bankruptcy, and no adverse interest had ever appeared on record, or been set up or established by any proceedings at law or in equity against Haskins' title. The answer further alleged fraud in obtaining the sale and deed by Burnham, but no evidence was offered to substantiate this charge. Title was also claimed by payment of taxes for seven years, &c., under the statute of the state.

C. Beckwith, for complainant.

It is a well settled rule that the mortgagee can not divest the equity of redemption without a proceeding to which the party legally entitled to such equity is made a party defendant; and if the mortgagor's interest has

been transferred before the suit in such a way that the mortgagee was bound to know the fact, as by descent, or by operation of law, or by deed of record, or brought home to mortgagee's knowledge, a decree and sale under such foreclosure will not affect the right of redemption unless the person owning such right be made a party. Glidden v. Andrews, 10 Ala. 166; Chaudron v. Magee, 8 Ala. 570; Fenwick v. Macey's Ex'rs, 1 Dana, 276; Holt v. Alloway, 2 Blackf. 111, note; Evans v. Instine, 6 Ohio, 117; Miami Exp. Co. v. Brown, Id. 535; Gordon v. Hobart, [Case No. 5,609.] In Watson v. Spence, 20 Wend. 260, Cowen, Judge, in giving the opinion of the court, says: "Where the equity has been assigned under such circumstances that the mortgagor is bound to know of it, the sale will not pass the rights of the assignee, unless he be made a party." Shackleford v. Stockton, 6 B. Mon. 390; Glidden v. Andrews, 10 Ala. 166. "The bankrupt, from the time his petition is filed, is civiliter mortuus as to all suits at law or equity pending in which he is a party, and consequently after that time no judgment could be recovered against him. The court will inquire whether in fact the judgment was not entered after the petition was filed, and if so will treat the judgment as of no more validity than if entered against a deceased person." Ex parte Foster, [Case No. 4,960;] McLean v. Rockey, [Id. 8,891.] Subsequent incumbrancers should be made parties. Sherman v. Cox, 2 Freem. 13; Story, Eq. Pl. § 193; Coote, Mortg. 504; Draper v. Earl of Clarendon, 2 Vern. 518; Godfrey v. Chadwell, Id. 601; Morret v. Westerne, Id. 663; Hobart v. Abbot, 2 P. Wms. 643. In Adams v. Paynter, 1 Colly. 532, V. C. Bruce says: "Ever since I have known anything of this court, such intervening incumbrancers have always been considered necessary parties to a bill of foreclosure. I should act against universally recognized and established rules if I were to suggest a doubt upon the subject." The rule thus established in England has been universally recognized in this country, although some judges have doubted its propriety. Haines v. Beach, 3 Johns. Ch. 459; Cooper v. Martin, 1 Dana, 23; 4 Kent, Comm. 185.

The assignee in bankruptcy is a necessary party to a bill to foreclose a mortgage. Lowry v. Morrison, 11 Paige, 327; Coe v. Whitbeck, Id. 42; McLean v. Lafayette Bank, [Case No. 8,885;] Thorne v. Deas, 4 Johns. 84; Sedgwick v. Cleveland, 7 Paige, 287; Anon., 10 Paige, 20; Story, Eq. Pl. §§ 158, 349, note; 1 Daniell, Ch. Pr. 255. Lloyd v. Lander, 5 Madd. 282, demurrer on joinder of bankrupts, allowed. Fellows v. Hall, [Case No. 4,723.] It has also been held that unless an assignee in bankruptcy is made a party to a suit after a decree in bankruptcy, a decree of foreclosure will be a nullity as to him, and will not foreclose the equity of redemption in the premises. Johnson v. Fitzhugh, 3 Barb.

Ch. 360; Fellows v. Hall, [Case No. 4,723;] Lowry v. Morrison, 11 Paige, 327; Coe v. Whitbeck, Id. 42; McLean v. Lafayette Bank, [Case No. 8,885;] Carr v. Gale, [Id. 2,435;] McLean v. Rockey, [Id. 8,891;] Ex parte Foster, [Id. 4,960.] Where jurisdiction is conferred under a special statute by constructive notice, unless such statute is strictly pursued, the judgment will be void. Lawlins v. Lackey, 6 T. B. Mon. 70; Butler v. Cooper, 6 J. J. Marsh. 29; Green v. McKinney, Id. 193; Green v. Breckenridge, 4 T. B. Mon. 541; Bond v. Hendricks, 1 A. K. Marsh. 440. The above are all cases under publication notices. Webster v. Reid, 11 How. [52 U. S.] 437, and cases cited in brief of counsel for plaintiff. "In every form in which the question has arisen, it has been held that a statute authority by which a man may be deprived of his estate must be strictly pursued." Bloom v. Burdick, 1 Hill, 141; Jackson v. Esty, 7 Wend. 148; Atkins v. Kinnan, 20 Wend. 240; Harris v. Hardeman, 14 How. [55 U. S.] 334; Mankin v. Chandler, [Case No. 9,030;] Kelso v. Blackburn, 3 Leigh, 299. The assignee of bankrupt has a right to redeem. Lloyd v. Lander, 5 Madd. 175; Spragg v. Binkes, 5 Ves. 587; Hitchcock v. Sedgwick, 2 Vern. 161; Pillow v. Langtree, 5 Humph. 389. No lapse of time, (without permission) and with it none short of twenty years, will bar the right to redeem. Dexter v. Arnold, [Case No. 3,857,] cited and approved in [Slicer v. Bank of Pittsburg,] 16 How. [57 U. S.] 579; [Dexter v. Arnold, Case No. 3,859;] 2 Story, Eq. Pl. 1028; Hughes v. Edwards, 9 Wheat. [22 U. S.] 489; Ang. Lim. § 456. If the mortgagor continues in possession, no length of time will bar the equity. Ang. Lim. § 462; 1 Pow. Mortg. §§ 360–392, and notes.

Williams & Goodrich, for defendants.

The assignee must protect his rights by record or possession, like all other purchasers. He can procure an order for a deed from the bankrupt, which can be recorded, or he can record a certified copy of the decree. Such is the law in England. Eden, Bankr. 225–268; 2 Pow. Mortg. 591, note 5; 3 Pow. Mortg. 1085; 2 Sugd. Vend. 512; Story, Eq. Pl. § 1035, and note. Under our laws the conveyance was not perfected as to creditors without notice, until recorded. Doyle v. Teas, 4 Scam. 202; Martin v. Dryden, 1 Gilman, 187; Sturges v. Bank of Cleveland, [Case No. 13,571;] Choteau v. Jones, 11 Ill. 300.

The bankrupt had no interest to vest in his assignee; the mortgage was quadruple the value of the land,—therefore the bankrupt had nothing to pass to his assignee, nothing beneficial, to say the least. Ontario Bank v. Mumford, 2 Barb. Ch. 596; Eden, Bankr. 306; Camack v. Bisquay, 18 Ala. 286; Dwinel v. Perley, 32 Me. 197; Baker v. Vining, 30 Me. 121; Mitchell v. Winslow, [Case No. 9,673,] where it is said the assignee only

takes the interest of the bankrupt, and that a possibility cannot be assigned. See, also, Ex parte Newhall, [Id. 10,159.] The assignee abandoned his interest in the land,—this he may do. Bourdillon v. Dalton, 1 Esp. 233; Smith v. Gordon, [Case No. 13,052.] To the same point are Paulding v. Lee, 20 Ala. 753; Rugely v. Robinson, 19 Ala. 404. Similar in principle, Choteau v. Jones, 11 Ill. 323; McGoon v. Ankeny, Id. 558; Fiske v. Hunt, [Case No. 4,831;] Ex parte Christy, 3 How. [44 U. S.] 292; Packard v. The Louisa, [Case No. 10,652;] Brentlinger v. Hutchinson, 1 Watts, 46; Dart, Vend. 46; 1 Pow. Mortg. 181, note L; McKnight v. Taylor, 1 How. [42 U. S.] 161; Bowman v. Wathen, Id. 189; Piatt v. Vattier, 9 Pet. [34 U. S.] 416; Follansbe v. Kilbreth, 17 Ill. 522; 2 Sugd. Vend. 515, note.

Before McLEAN, Circuit Justice, and DRUMMOND, District Judge.

McLEAN, Circuit Justice. Many points have been raised and most elaborately discussed by the various counsel who have filed briefs in this cause, but in the view taken by the court the decision of one or two points is conclusive upon the rights of the parties, and it will not, therefore, be necessary to intimate an opinion upon such other points as in the judgment of the court are not necessarily involved in settling the rights of the parties. Neither is it the intention of the court at this time to discuss at length the points about to be decided, but merely to indicate the opinion to which we have come, as briefly as possible.

The first and principal question to be settled is whether the defendant, Walter L. Newberry, by virtue of the foreclosure proceedings in the court of common pleas of Cook county, Illinois, extinguished the equity of redemption in the mortgaged premises, as to any and all parties who had a legal claim thereto. In order to determine this question it is necessary to ascertain, first, in whom the equity of redemption was at the time of the foreclosure suit, and second, whether those proceedings were sufficient to extinguish the right of that party to redeem.

The suit to foreclose was commenced March 1st, 1848, by Newberry. In whom was the equity of redemption vested at that date?

On the 4th day of March, 1843, five years prior to the commencement of the suit to foreclose by Newberry, Haskins, the mortgagor, was decreed a bankrupt by the district court of the United States, for the southern district of New York, and W. C. H. Waddell was by order of that court made his assignee.

At the time, therefore, of this decree of bankruptcy, Haskins, the mortgagor, was the owner and possessed of the equity of redemption, for no foreclosure had either been made or attempted at that date.

Section 3 of the bankrupt law of 1841 provides: "That all the property and rights of property of every name and nature, and whether real, personal or mixed of every bankrupt, shall by mere operation of law, ipso facto from the time of such decree be deemed to be divested out of such bankrupt without any other act, assignment, or other conveyance whatsoever, and the same shall be vested by force of the same decree in such assignee as from time to time shall be appointed, &c. And the assignee so appointed shall be vested with all the rights, titles, powers and authorities to sell, manage and dispose of the same, to sue for and defend the same, subject to the orders and directions of the court as fully to all intents and purposes as if the same were vested in, or might be exercised by, such bankrupt, before or at the time of his bankruptcy."

The words of this law are too clear to admit of any misconstruction. By the rendition of the decree, all the property and rights of property of the bankrupt, "of every name and nature," pass by operation of law to the assignee, and this too, in whatever district it may be situated. This construction has been sanctioned by repeated judicial decisions in the courts of the United States, and were it a question involved in any doubt, it would now be too late to discuss its correctness.

The bankrupt from the time of the rendition of the decree of bankruptcy is civiliter mortuus, so far as any of his property is concerned. No act of his can in any manner affect it. He is thenceforth an entire stranger so far as ownership is concerned. His release cannot cancel a debt or obligation due his estate, any more than his deed can convey title to land which he formerly owned. This equity of redemption then which Haskins before his bankruptcy owned, passed by the decree and became vested in Waddell, his assignee, and this some five years before the proceedings of foreclosure instituted by the defendant Newberry. What steps then has Newberry taken to extinguish this equity of redemption in Waddell, the assignee, or his grantees? Have any proper legal steps ever been taken to accomplish this end?

The defendant, Newberry, insists that the suit instituted by him in March, 1848, did extinguish this equity of redemption so far as Haskins was concerned, and that it was also an extinguishment of the title of his assignee and his grantees. But how was this done? Newberry brought suit against Haskins and Marcus Wilbur, and in that suit obtained a decree of foreclosure and sale against Haskins. These were the only parties defendant in that suit. But the court has already decided that the equity of redemption had already passed out of Haskins into Waddell, his assignee, and that no power existed in Haskins by any act either voluntary or by order of the state court, to affect the title of his assignee to this property. That as to that he was civiliter mortuus. How then can any decree against Haskins affect the right of the legal owner? The mere fact that the title

came through Haskins, and that he once had the power to dispose of this property does not give him the power always to do so. His power of disposition ceased with the decree of bankruptcy, and the decree of the Cook county court of common pleas could not reinvest him with the title so as to pass it to the purchaser under that decree. The decree then was powerless so far as Haskins was concerned in regard to the property, and we are at a loss to understand how under these circumstances this decree of foreclosure could possibly affect the rights of third parties, strangers to the record. It is a familiar and well settled principle that no judgment can operate as a bar or foreclosure, excepting between the parties to the judgment and those who claim subsequently to them. As to all other parties it is res inter alios acta.

Applying this principle to the present case, it will be seen that the rights of Waddell, the assignee, and his grantees, Burnham and the complainant herein, were not affected in any degree by the suit instituted by Newberry against Haskins, to foreclose his mortgage. They were not parties to the suit, and their rights could not be determined thereby. As to them it was res inter alios acta.

The decision of these points settles this controversy, and it is not therefore necessary to indicate any opinion upon the other points discussed by counsel. The complainant being the owner of the equity of redemption unextinguished has the right to redeem the property, unless there are circumstances in the case which estop him from asserting his right. The court has been unable to see anything in the conduct of the complainant or his grantors which would lead to such a result. Lapse of time, such as appears here, is not sufficient to estop the assertion of their right to redeem. The defendant has sold his land at his own price, and he will in the redemption receive his purchase money and interest. If he had taken steps to make the proper parties to his suit against Haskins, the result might have been the same, and he might have obtained his decree and sale in due legal form, but this can only be conjecture. The court cannot look at what might have been, but at the facts as they actually are, and in so looking at these facts we feel compelled to grant the prayer of the complainant to redeem. All parties are chargeable with notice of the proceedings in bankruptcy, in the absence of fraud, and hence the defendant cannot claim a want of notice. Neither do we consider the claim of title under the seven-year law of the state as affording any defense under the facts as proved. An order may be entered in proper legal form to this effect, and appointing a master to state an account, &c., as prayed by the complainant in his bill.

DRUMMOND, District Judge, concurring.

NOTE, [from original report.] By comparing the 14th section of the bankrupt act of 1867 [14 Stat. p. 517, c. 176] with this section of the act of 1841, [5 Stat. p. 440, c. 82,] it will be seen that the rights, powers, and duties of the assignee are essentially the same under both acts, and it is believed that the principle of this decision applies equally to the present bankrupt act. That an assignee appointed pendente lite is not a necessary party. See Cleveland v. Boerum, 7 Amer. Law Reg. 144. The purchaser, under a deed from the assignee of a bankrupt, can hold the title against a prior unrecorded deed from the bankrupt. Holbrook v. Dickenson, 56 Ill. 497.