## John Scheidt v. Herman Goldsmith.

1. BANKRUPTCY—*Status of Bankrupt Before Discharge.*—A bankrupt before his discharge is, as to his estate, *civiliter mortuus,* and being *civiliter mortuus* he can not commence or prosecute a suit, and can only be represented by the assignee.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Reversed and remanded. Opinion filed October 24, 1902.

Appellee, December 31, 1898, filed his petition in bankruptcy and was duly adjudged a bankrupt; he was not discharged until June 12, 1899. While thus a bankrupt, he, March 9, 1899, commenced suit before a justice of the peace in Cook county, against appellant. Having, April 13, 1899, before such justice, obtained therein a judgment for $200 against appellant, the latter took an appeal to the Circuit Court. November 8, 1899, by order of Judge Hanecy, this cause was placed at the foot of the docket to be called upon Judge Hanecy's next special calendar.

Appellant's attorneys, thereafter, kept watch as to such special calendar, but it was not called. May 24, 1901,

Judge Hanecy was calling another calendar upon which this case, unknown to appellant's attorneys, was, and this cause was on said day, in the absence, and without notice or knowledge by them, called by Judge Hanecy and the appeal taken by appellant was dismissed.

Appellant's attorneys first learned of such dismissal June 1, 1901, and at once gave notice and moved to set aside the order of dismissal. Upon the hearing of this motion the foregoing was made to appear and also that in said bankruptcy proceedings of appellee no permission to him to prosecute this suit against appellant was given nor was the claim of appellee upon which this suit is based scheduled.

The court, the term at which said dismissal was had having passed, refused to set aside the said judgment dismissing appellant's appeal.

Eddy, Haley & Munroe, attorneys for appellant.

Francis A. McDonnell, attorney for appellee.

Mr. Justice Waterman delivered the opinion of the court.

A bankrupt before his discharge is, as to his estate, *civiliter mortuus*. Bump on Bankruptcy, Eleventh Ed., 337; Lacy, Terrid & Co. v. Rockett, 11 Ala. 1002; Barron v. Newberry, 1 Bissell, 149; Cannon v. Wellford, 22 Grattan, 195; Abernathy v. Phillips, 82 Va. 769–772.

If, as is urged by appellee, his bankrupt estate was not equal to the exemptions allowed to him by the bankrupt law, such fact might have been made to appear to the Circuit Court. Nothing of the kind was shown, while it did appear that his claim against appellant was not scheduled.

We do not understand how appellee can claim as exempt, property not scheduled, and consequently a thing concerning which the bankrupt court can not be presumed to have made an order of exemption.

Being *civiliter mortuus*, appellee could not commence or prosecute his suit against appellant, and had such fact been made known to the court the suit would have been dis-

missed. The court should have set aside the order dismissing the appeal. Such error of fact could at common law have been reached by writ of *coram nobis.*

The order of the Circuit Court refusing to set aside its order of dismissal must be reversed and the cause remanded.