STATE EX REL. HOPKINS, APPELLANT, *v.* STEPHENS,
SHERIFF, RESPONDENT.

(No. 4,761.)

(Submitted April 18, 1922. Decided May 8, 1922.)

[206 Pac. 1094.]

*Mandamus—Real Property—Mortgage Foreclosure—Right of Redemption—Attachment—Sheriff's Deed.*

Real Property—Foreclosure—Title of Judgment Debtor.
　　1.　After foreclosure sale and before redemption, the judgment debtor has neither legal nor equitable title to the property sold.

Same—Foreclosure—Right of Redemption not Attachable.
　　2.　The statutory right of redemption is not property in any sense of the term, but is a bare personal privilege, and therefore may not be attached.

Same—Foreclosure—Who not Redemptioner.
　　3.　Where real property had been sold on mortgage foreclosure and a creditor of the judgment debtor levied a writ of attachment on it before the period of redemption had expired, he acquired no lien by virtue of it (par. 2 above), and therefore did not become a redemptioner within the meaning of subdivision 2 of section 9442, Revised Codes of 1921, so as to entitle him to a sheriff's deed.

*Appeals from District Court, Fergus County; Jack Briscoe, Judge.*

Original application by the State of Montana, on the relation of Roy A. Hopkins, against John H. Stephens, Sheriff of Fergus County, for writ of *mandamus* to compel him to execute and deliver a sheriff's deed. From a judgment dismissing the proceeding, and from an order denying a new trial, relator appeals. Affirmed.

*Mr. E. W. Mettler* and *Mr. Oscar O. Mueller,* for Appellant, submitted a brief; *Mr. Mueller* argued the cause orally.

The relator was an attaching creditor subsequent to both the date of the Folsom mortgage and also subsequent to the date of the sale on foreclosure, and by attachment of the land sold on foreclosure he became a redemptioner. It is our contention that any person who becomes a redemptioner under

the provisions of section 6837 of the Revised Codes of 1907 may redeem at any time within the year. (See *Doerhoefer* v. *Ferrell*, 29 Or. 304, 45 Pac. 797; *Bennett* v. *Wilson*, 122 Cal. 509, 68 Am. St. Rep. 61, 55 Pac. 391.) "It appears to be the law in all states that the redemption law is not only for the benefit of the unfortunate debtor whose property is foreclosed but also for the creditors who have secured their accounts in some way." (27 Cyc. 1809, 1810; see, also, *North Dakota H. & C. Co.* v. *Serumgard*, 17 N. D. 466, 138 Am. St. Rep. 717, 29 L. R. A. (n. s.) 508, 117 N. W. 453.)

Under section 6842 of the Revised Codes of 1907, the interest of the judgment debtor in the property is such that a creditor may, under the provisions of section 6837, become a redemptioner, although the interest which the judgment debtor has in the land is not such an interest as could be sold on execution. It is such an interest that it could be attached by a creditor for the purpose of redemption.

*Messrs. Blackford & Huntoon,* for Respondent, submitted a brief; *Mr. Wm. Blackford* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In August, 1917, an action was commenced by D. E. Folsom against Henry Brink and others, to foreclose a mortgage upon 160 acres of land in Fergus county, and such proceedings were had therein that in May, 1918, a decree of foreclosure was duly given and made, and on June 8 following the land was sold at sheriff's sale, a certificate of sale issued to Folsom, the purchaser, and a duplicate filed in the office of the county clerk and recorder. On January 25, 1919, Roy A. Hopkins commenced an action against Brink, and procured a writ of attachment to be issued and delivered to the sheriff, who assumed to levy the same by filing with the clerk and recorder a copy of the writ, together with a description of the same property which had been sold on June 8 prior thereto under the foreclosure proceedings, and a notice that all the

right, title and interest of the defendant Brink in and to the property described was attached. Later, on the same day, Hopkins gave to the sheriff a written notice of redemption, accompanied by a certified copy of the affidavit of attachment, and filed a duplicate with the clerk and recorder, at the same time tendering to the sheriff a sufficient sum to discharge the claim of the purchaser at the foreclosure sale, with interest and costs, and the sheriff thereupon issued to Hopkins a certificate of redemption. At the expiration of the period of redemption Hopkins tendered the necessary fee, and demanded a sheriff's deed to the property, and, upon refusal of the demand, the present proceeding was instituted to secure a writ of *mandamus* to compel the sheriff to execute and deliver such a deed. After a hearing the application was denied, and a judgment entered dismissing the proceeding. From that judgment, and from an order denying a new trial, the applicant for the writ appealed.

There is but one question for determination: Was Hopkins **[1–3]** entitled to redeem from the sale under foreclosure in the case of *Folsom v. Brink et al.?* That the property was sold subject to redemption is not controverted, and could not be; but whether Hopkins was one of the persons to whom the right of redemption extended depends upon his relationship to the property. Section 6837, Revised Codes of 1907, as amended by Chapter 107, Laws of 1913 (sec. 9442, Rev. Codes 1921), provides that property sold subject to redemption may be redeemed by the following persons: "1. The judgment debtor, or his successor in interest, in the whole or any part of the property. * * * 2. A creditor having a lien by judgment, mortgage, or attachment on the property sold, or on some share or part thereof, subsequent to that on which the property is sold. * * * The persons mentioned in the second division of this section are, in this Chapter, termed 'redemptioners.' "

It is the contention of relator that he became a redemptioner by virtue of the fact that he was a creditor of Brink,

and by virtue of the attachment issued in his action against Brink and the levy of the attachment upon the property which had been sold under the mortgage foreclosure. It may be conceded that he was a creditor, but that is not sufficient. To constitute him a redemptioner it must appear that he had a lien upon the property by virtue of his attachment. More than seven months before the writ of attachment was issued the property had been sold, and during the period of one year from the date of the sale Brink, the judgment debtor, had the right to redeem it. (Sec. 6839, Rev. Codes 1907 [sec. 9444, Rev. Codes 1921] ) The question then arises: Is the right of redemption such an interest in real property that it may be subject to attachment?

Section 6836, Revised Codes of 1907 (sec. 9441, Rev. Codes 1921), provides: "Upon a sale of real property, the purchaser is substituted to and acquires the right, title, interest, and claim of the judgment debtor thereto; and when the estate is less than a leasehold of two years' unexpired term, the sale is absolute. In all other cases the property is subject to redemption." In *McQueeney* v. *Toomey*, 36 Mont. 282, 122 Am. St. Rep. 358, 13 Ann. Cas. 316, 92 Pac. 561, this court held that, after sale, and before redemption, the judgment debtor "no longer has any title, either legal or equitable." To the same effect is *Power Mercantile Co.* v. *Moore Mercantile Co.*, 55 Mont. 401, 177 Pac. 406. In *Banking Corp.* v. *Hein*, 52 Mont. 238, 156 Pac. 1085, we distinguished between the equity of redemption, which is a substantial property right, and the statutory right of redemption involved herein, and concerning the latter said: "It is not property in any sense of the term, but a bare personal privilege."

In *Hamilton* v. *Hamilton*, 51 Mont. 509, 154 Pac. 717, this question was presented: Is the judgment debtor's right of redemption subject to execution? It was held to be a personal privilege only, not a property right, and therefore not subject to levy or sale. There is not any distinction between property liable to attachment and property liable to execution. All

property not exempt is liable to seizure under either writ. (Sec. 6660, Rev. Codes, 1907 [sec. 9260, Rev. Codes 1921]; sec. 6821, Rev. Codes 1907 [sec. 9424, Rev. Codes 1921].)

These authorities answer conclusively the question for solution. Since the judgment debtor did not redeem prior to the issuance of the writ of attachment, he did not have any property interest in the land in question on January 25, 1919, and therefore Hopkins could not acquire any lien by virtue of his attachment, and did not become a redemptioner within the meaning of the statute above. The certificate of redemption issued to him by the sheriff was a mere nullity. Decided cases from states which do not have statutes similar to our section 6839 are distinguished in *Hamilton* v. *Hamilton,* above.

The judgment and order are affirmed.

*Affirmed.*

ASSOCIATE JUSTICES COOPER and GALEN and HONORABLE ROY E. AYERS, District Judge, sitting in place of MR. JUSTICE REYNOLDS, disqualified, concur.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.