BROWN ET AL., RESPONDENTS, *v.* TIMMONS, SHERIFF, ET AL., APPELLANTS.

(No. 6,117.)

(Submitted April 1, 1927. Decided May 3, 1927.)

[256 Pac. 176.]

*Real Property—Mortgage Foreclosure—Executions—Right and Equity of Redemption—Bankruptcy of Mortgagor—Effect—Homesteads.*

Real Property—Execution Purchaser Acquires All Rights of Debtor.
    1.  On sale of real property on execution, the purchaser is substituted for and acquires all the right, title and interest of the judgment debtor to or in the property, subject only to the right of the latter (or other redemptioners) to redeem.
Same—Mortgage Foreclosure—Right and Equity of Redemption—Definition.
    2.  The right of redemption of real property, created by statute, as distinguished from the equity of redemption, is the right a judg-

---

1.  See 10 R. C. L. 1324.
2.  See 19 R. C. L. 501, 638.

ment debtor has to regain the property lost by sale under process, while the equity of redemption, which is founded upon the mortgage contract, is a valuable property right the mortgagor has prior to foreclosure to discharge his indebtedness and thus clear the property from the encumbrance of the mortgage.

Same—Right of Redemption Mere Privilege Which may be Transferred.
3. The right of redemption is not one of property, but a mere personal privilege which cannot be levied upon or sold on execution at the instance of a judgment debtor but may be transferred to another by the debtor, the transferee being a "successor in interest" within the meaning of section 9442, Revised Codes of 1921, and as such entitled to redeem.

Same—Bankruptcy of Mortgagor—All Property Rights Pass to Trustee in Bankruptcy, Including Right of Redemption.
4. Under the federal Bankruptcy Act, after a judgment debtor has been adjudicated a bankrupt, his title to every kind of property theretofore owned by him (save such as is exempt) passes to the trustee in bankruptcy for the benefit of the former's creditors, including his equity of redemption and his right to redeem after sale of his real property on judicial process; hence the debtor's subsequent transfer of his right to redeem did not clothe the transferee with such right.

Bankruptcy—Homestead Exempt—Bankrupt Retains and may Transfer Right of Redemption.
5. A homestead, being exempt from execution under section 6973, Revised Codes of 1921, does not pass to the trustee in bankruptcy where the bankrupt makes claim of exemption, and as to such property sold on mortgage foreclosure, the bankrupt retains his right of redemption which he may transfer, entitling the transferee to make redemption.

---

[1–3] Executions, 23 C. J., sec. 86, p. 345, n. 70; sec. 722, p. 712, n. 65; sec. 724, p. 713, n. 80; sec. 727, p. 714, n. 6, p. 715, n. 7; sec. 789, p. 746, n. 15. Mortgages, 27 Cyc., p. 1799, n. 16, p. 1800, n. 25, 26.
[4] Bankruptcy, 7 C. J., sec. 186, p. 113, n. 33, 34, 35; sec. 193, p. 117, n. 67; sec. 226, p. 133, n. 57; sec. 345, p. 224, n. 36, p. 225, n. 37; sec. 641, p. 362, n. 20.
[5] Bankruptcy, 7 C. J., sec. 618, p. 353, n. 29.

*Appeal from District Court, Hill County; Charles A. Rose, Judge.*

SUIT by Walter Brown and another against R. C. Timmons, as Sheriff of Hill County, and another. Judgment for plaintiffs and defendants appeal. Reversed and remanded, with directions.

*Mr. A. F. Lamey* and *Mr. E. V. Ahern,* for Appellants, submitted a brief; *Mr. Lamey* argued the cause orally.

*Mr. H. S. Kline, Mr. C. B. Elwell* and *Mr. C. F. Morris,*
for Respondents, submitted a brief; *Mr. Kline* argued the cause
orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This action was instituted by the plaintiffs to compel the
defendant sheriff to permit the plaintiffs, as redemptioners, to
make redemption of certain real estate sold by him on execu-
tion and for an accounting of rents, issues and profits col-
lected by the execution purchaser from the date of the execu-
tion and delivery of the sheriff's certificate of sale. After
issue had been joined, the cause was submitted to the court
upon an agreed statement of facts. The court made findings
of fact and conclusions of law in favor of the plaintiffs, upon
which judgment was regularly entered. The appeal is from
the judgment.

Defendants' several specifications of error present for deter-
mination but one question which is conclusive as to the respec-
tive rights of the parties, viz.: Have the plaintiffs a legal right
to make redemption of the property?

From the agreed statement of facts it appears that on or
about August 27, 1923, one John K. Bramble was the owner
in fee of certain lands located in the City of Havre, and that
on that date he, together with his wife, mortgaged the same
to the Security Building & Loan Association, as security for
an indebtedness of $11,000, represented by a promissory note
payable on or before ten years after date. Thereafter, on or
about the tenth day of April, 1924, he was regularly adjudged
a bankrupt by the district court of the United States for the
district of Montana, under the National Bankruptcy Act (U. S.
Comp. Stats., secs. 9585 et seq.) and subsequently the North-
ern Montana Association of Credit Men, a corporation, was
duly appointed and qualified as the trustee of his estate in
bankruptcy, and thereafter acted as such trustee during the
period of time involved in the cause now before us. On Sep-
tember 2, 1924, he was regularly discharged in bankruptcy,

and on January 15, 1926, his estate was duly closed and the trustee absolved. On or about the twenty-seventh day of September, 1924, the Security Building & Loan Association commenced an action in the district court of Hill county to foreclose its mortgage, wherein John K. Bramble, his wife, and the Northern Montana Association of Credit Men, trustee, were made parties defendant. In that action the trustee in bankruptcy appeared by answer, wherein it asked that the land be by the sheriff sold in separate parcels, and that payment be made to it of any amount received in excess of that required to satisfy the judgment. Subsequently such proceedings were had that on the first day of June, 1925, a decree of foreclosure and sale was regularly made and entered, as a result whereof the defendant sheriff, on July 3, 1925, conducted a public sale of the property on execution, and it was purchased by the Security Loan & Building Association in separate parcels for the full amount of the judgment, whereupon the purchaser entered into possession of the property and has since continued in such possession, enjoying the rents, issues and profits. As to one of the three separate tracts of land involved, on November 24, 1922, before the execution of the mortgage, Bramble had made a homestead declaration in accordance with the law. On May 31, 1926, long subsequent to Bramble's adjudication as a bankrupt, his discharge in bankruptcy, and the settlement of his estate, but before the statutory period of redemption had fully elapsed, he made demand in writing of the Security Building & Loan Association, that it furnish him with a written verified statement of the rents, issues and profits of the property by it collected subsequent to its purchase thereof at execution sale. On or about June 24, 1926, such statement was duly furnished him, but therein his right to demand or receive such statement or to redeem the property was expressly denied. Subsequently, on or about July 1, 1926, Bramble and his wife executed a quitclaim deed of the property to the plaintiffs for the recited consideration of "$1 and other good and valuable considerations," whereby

the right of Bramble to redeem the property from the mortgage foreclosure sale is attempted to be conveyed. Such transfer to them forms the basis of this action.

Before this suit was instituted by the plaintiffs, on or about July 1, 1926, they duly tendered to the defendant sheriff all moneys then due and owing to the Security Building & Loan Association, less the rents, issues and profits by it received and collected, as shown by its statement made to Bramble, and the plaintiffs' offer to make such tender good and to pay the whole amount required into court "for the benefit of whomsoever shall be entitled thereto."

The court found and decreed that plaintiffs were entitled to an accounting and to redeem the property upon payment of the amount found to be due the defendant Security Building & Loan Association.

Our statute provides, so far as applicable here, that prop-
[1–3]   erty sold subject to redemption, or any part thereof separately sold, may be redeemed by "the judgment debtor, or his successor in interest, in the whole or any part of the property." (Sec. 9442, Rev. Codes 1921.) In construing the language used in this section above set forth, Mr. Chief Justice Brantly, in the case of *Hamilton* v. *Hamilton*, 51 Mont. 509, 154 Pac. 717, speaking for this court, declared that the public policy of this state thereby established is: "That when an unfortunate debtor has lost his land, either under mortgage foreclosure or execution sale, he shall have the opportunity to regain it by complying with the conditions imposed. And not only so, but that those who have acquired liens inferior to that to satisfy which the sale was made, shall resort to the process of redemption, and not to levy and sale, in order to protect themselves from loss. The right is therefore a personal privilege and not a property right, and hence does not come within the category of any of the interests enumerated in section 6821 [sec. 9424 Rev. Codes 1921] as subject to execution." Further on in the decision in that case it was well said that the distinction between the statutory right of re-

demption and that which is denominated equity of redemption at common law is fundamental. "The one is the right a judgment debtor has to regain property which he has lost by sale under process. The other is the right the mortgagor has, prior to foreclosure, to discharge the indebtedness and thus clear his property from the encumbrance of the mortgage. The former comes into existence only after the foreclosure sale, and is of purely statutory origin (27 Cyc. 1800; 11 Am. & Eng. Ency. of Law, 2d ed., 213); the other is founded upon the mortgage contract. The term 'successor' is also broad enough to include a grantee to whom the judgment debtor has transferred his statutory right. (*McQweeney* v. *Toomey,* 36 Mont. 282, 122 Am. St. Rep. 358, 13 Ann. Cas. 316, 92 Pac. 561; *Phillips* v. *Hagart,* 113 Cal. 552, 54 Am. St. Rep. 369, 45 Pac. 843.)" It was further held that the expression "successors in interest," as therein employed, means "nothing more than that one who has succeeded to the title to the property, .or has been substituted to the rights of the debtor or redemptioner, has the same rights as has he." To such interpretation of the statute we subscribe.

Upon the sale of the property on execution, the defendant, Security Building & Loan Association, as the purchaser, was substituted for and acquired all of the right, title and interest of the judgment debtor to the property (sec. 9441, Rev. Codes 1921; *Hamilton* v. *Hamilton,* supra; *Banking Corporation* v. *Hein,* 52 Mont. 238, 156 Pac. 1085; *Power Mercantile Co.* v. *Moore Mercantile Co.,* 55 Mont. 401, 177 Pac. 406; *State ex rel. Hopkins* v. *Stephens,* 63 Mont. 318, 206 Pac. 1094; *Libby Lumber Co.* v. *Pacific States Fire Ins. Co.,* ante, p. 166, 255 Pac. 340), subject only to the statutory right conferred upon the judgment debtor or other redemptioner to redeem (sec. 9443, Rev. Codes 1921; *Libby Lumber Co.* v. *Pacific States Fire Ins. Co.,* supra). When property is sold in execution, the legal title leaves the judgment debtor and vests in the purchaser, subject only to the right of redemption conferred by statute. (*McQueeney* v. *Toomey,* 36 Mont. 282, 122 Am. St. Rep. 358, 13

Ann. Cas. 316, 92 Pac. 561.) The "right of redemption" arises only after the sale of property on execution, exists for the period prescribed by law, and is not property in any sense, but rather a bare privilege of statutory origin to be exercised only by the persons named in the statute in the instances therein provided and within the time and upon the conditions prescribed. (*Banking Corporation* v. *Hein,* supra.) And after a foreclosure sale and before redemption, the judgment debtor has neither legal nor equitable title to the property sold, but only a bare personal privilege to redeem. (*State ex rel. Hopkins* v. *Stephens,* supra.) Being a privilege rather than property, it cannot be levied upon or sold on execution at the instance of a judgment creditor. (*State ex rel. Hopkins* v. *Stephens,* supra; *Trinkle* v. *Chase,* 122 Kan. 781, 253 Pac. 210.) However, this privilege may be transferred to another by the judgment debtor, as above noted, for the statute expressly makes the successor in interest of the judgment debtor a redemptioner. (*McQueeney* v. *Toomey,* supra.)

It is therefore plain from the facts that, between the date [4] of the execution of the mortgage, August 23, 1923, and April 10, 1925, when Bramble was adjudicated a bankrupt, he was the owner and possessor of a valuable property right, namely, his equity of redemption in the mortgaged premises. But what was the effect of his bankruptcy adjudication upon his equity of redemption and the subsequent statutory privilege of redeeming the property after a judicial sale thereof on foreclosure of the mortgage?

Section 70 of the National Bankruptcy Act (U. S. Comp. Stats., sec. 9654), so far as pertinent here, reads as follows: "*Title to Property.*—a. The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all (1) documents relating to his

property; (2) interests in patents, patent rights, copyrights, and trade-marks; (3) powers which he might have exercised for his own benefit, but not those which he might have exercised for some other person; (4) property transferred by him in fraud of his creditors; (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him.'' (30 Stats. at Large, 565.)

Thus it is made plain by this Act that every kind of property (save such as is exempt) which, before the filing of the petition in bankruptcy, was capable of being transferred by the bankrupt by any means, or of being levied on by creditors or otherwise seized by judicial process and sold thereunder, passes to the trustee in bankruptcy. (Sec. 1178, Remington on Bankruptcy.) By the amendatory Act of 1910 (36 Stats. at Large, 838), the trustee is vested with the rights and remedies of creditors, armed with process, in addition to the bankrupt's title to the property. The trustee's title since the amendment of 1910 is the most extensive and complete of any in jurisprudence. (Sec. 1403, Remington on Bankruptcy.) It vests in the trustee by operation of law. The bankrupt's adjudication, in and of itself, without any assignment, operates to divest him of all title and to place it in the trustee of his creditors. (Sec. 1372, Id.)

''Upon the appointment and the qualification of a trustee, the title to the bankrupt's property, except such as is exempt, vests in such trustee as representative of the creditors and not of the bankrupt by operation of law and without any conveyance.'' (7 C. J. 1113.) From the time of adjudication in bankruptcy, a bankrupt is divested of ownership of his property as effectually as though he had made an absolute conveyance thereof to his trustee in bankruptcy. In legal effect it amounts to the same thing. He is, therefore, an entire stranger so far as ownership is concerned. His release cannot cancel a debt or obligation due his estate any more than his deed can convey title to land which he formerly owned. (*Barron* v. *Newberry*, 2 Fed. Cas. 937, No. 1056; 1 Biss. 149.)

The trustee succeeds to the bankrupt's title and stands in his shoes and possesses all the bankrupt's rights and remedies. The trustee takes the property in the same plight and condition in which the bankrupt held it, subject to all equities and rights imposed upon it in the hands of the bankrupt. (Secs. 1402–1409, Remington on Bankruptcy; *Hewit* v. *Berlin Machine Works,* 194 U. S. 296, 48 L. Ed. 986, 24 Sup. Ct. Rep. 690 [see, also, Rose's U. S. Notes]; *Thompson* v. *Fairbanks,* 196 U. S. 516, 49 L. Ed. 577, 25 Sup. Ct. Rep. 306; *Humphrey* v. *Tatman,* 198 U. S. 91, 49 L. Ed. 956, 25 Sup. Ct. Rep. 567; *York Mfg. Co.* v. *Cassell,* 201 U. S. 344, 50 L. Ed. 782, 26 Sup. Ct. Rep. 481; *Security Warehousing Co.* v. *Hand,* 206 U. S. 423, 11 Ann. Cas. 789, 51 L. Ed. 1117, 27 Sup. Ct. Rep. 720.)

It is therefore clear that, after Bramble had been adjudicated a bankrupt on April 10, 1924, his mortgaged property passed to his trustee in bankruptcy, excepting the tract claimed as a homestead. The bankrupt's interest therein consisted of his equity of redemption, and the trustee ipso facto became possessed of all of the property rights of the bankrupt. He could either redeem the property or make sale thereof subject to the mortgage indebtedness. The original owner, having become dispossessed of title, did not possess the privilege accorded by the statute to make redemption thereof after it had been sold on foreclosure of the mortgage. He was divested of all title to the property as effectually as though he had made a transfer thereof by deed before the foreclosure sale. And had he transferred the property by deed before foreclosure of the mortgage, surely no one would seriously urge that as the original mortgagor he still retained the statutory privilege of redemption. After having been adjudicated a bankrupt, he was possessed of neither an equity of redemption nor the statutory right to redeem after the sale of the property on judicial process. (*In re Novak,* 111 Fed. 161.)

Plaintiff's position respecting the tract embraced in Bram-
[5]  ble's homestead is, in our opinion, in an entirely different

category. The bankruptcy court is without power to administer exempt property, save to determine it to be exempt and set it aside as such (sec. 1280, Remington on Bankruptcy), and title thereto does not pass to the trustee in bankruptcy (Id., sec. 1271); and whether property is of such a nature that its title passes to the trustee is generally a question for determination in accordance with local laws (Id., sec. 1180). Bramble's homestead, being exempt from execution under the state law, did not pass to the trustee, as he made claim of exemption thereof in his bankruptcy proceedings (Id., sec. 1270). A homestead is exempt from execution (sec. 6973, Rev. Codes 1921), and it cannot be conveyed or encumbered unless both the husband and wife join in the instrument bringing either about (Id., sec. 6950). It did not become a part of his estate in bankruptcy, and as to it he had the personal privilege accorded him by the statute to make redemption thereof within the period of one year from the issuance of the sheriff's certificate of sale of the property on foreclosure of the mortgage. (Id., sec. 9443.) He also possessed the right to transfer the same, and this was accomplished by his deed to the plaintiffs dated July 1, 1926. By such transfer the plaintiffs became his successors in interest and are entitled to redeem.

Accordingly, we are of the opinion that the district court was in error in holding the plaintiffs entitled to redeem all the mortgaged property. Such right extended alone to the tract embraced in the homestead.

For the reasons stated, the judgment is reversed and the cause remanded to the district court of Hill county, with directions to modify the judgment in conformity with the views herein expressed. Costs of appeal are assessed, two-thirds against the plaintiffs and one-third against the defendants.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, STARK and MATTHEWS concur.

Rehearing denied June 3, 1927.