HILLSDALE COLLEGE, APPELLANT, v. THOMPSON ET AL., DEFENDANTS; DAY, RESPONDENT.

(No. 7,358.)

(Submitted March 29, 1935. Decided April 11, 1935.)

[44 Pac. (2d) 753.]

*Mr. John G. Brown, Mr. L. V. Ketter* and *Mr. John C. Erickson,* for Appellant, submitted an original and a supplemental brief; *Mr. Brown* and *Mr. William A. Brown,* of Counsel, argued the cause orally.

*Messrs. Hildebrand & Warren,* for Respondent, submitted a brief; *Mr. Raymond Hildebrand* argued the cause orally.

404

MR. JUSTICE ANDERSON delivered the opinion of the court.

This action was brought to foreclose a real estate mortgage. The defendants Henry Thompson and wife executed and delivered the mortgage in question to the Security Mortgage Company, a corporation, on certain lands in Richland county, to secure the payment of a promissory note in the sum of $2,000; both instruments being dated on October 15, 1917. By the terms of the mortgage and note the indebtedness matured on January 1, 1923. The mortgage was recorded on November 3, 1917. By written assignment the mortgagee on January 24, 1918, sold and assigned the mortgage, together with the note secured thereby, to the Minnesota Loan & Trust Company; this assignment was duly recorded. Thereafter, on March 2, 1918, the latter company in turn sold and assigned the mortgage by an instrument in writing, and sold and negotiated the note unto the plaintiff herein. The written assignment was recorded on March 2, 1918. On November 16, 1927, the defendant mortgagors executed and acknowledged an instrument in writing purporting to extend the time of payment of the note and mortgage, so that the sum of $200 would mature on the first day of January of the years 1929, 1930, 1931 and 1932, respectively, and the balance of $1,200 on January 1, 1933. It was recited therein that the agreement was between the mortgagors and the Minnesota Loan & Trust Company. The company did not join in the execution of this instrument. It was filed on the twenty-third day of January, 1928. Contemporaneously with the filing of the so-called extension agree-

ment, there was recorded an affidavit made by one I. W. Chambers, reciting that he was the secretary of the Minnesota Loan & Trust Company, and acting as the agent for the owner of the mortgage (describing it), and that the indebtedness was extended by the extension agreement. It further set forth the maturities of the principal according to the same schedule as found in the extension agreement. The mortgagors paid all the interest maturing prior to January 1, 1929, and $200 on the principal of the note.

The defendant Day commenced an action against the defendant Henry Thompson on July 24, 1929, on a promissory note. Thereafter, on September 12, 1929, after personal service on Thompson, a judgment was made and entered against him. Execution was issued on this judgment and the lands described in plaintiff's mortgage were sold thereunder to Day at the execution sale. On March 22, 1930, a sheriff's certificate of sale was issued on that date and filed. The sheriff's deed for the lands and premises was issued on April 20, 1932, and thereafter duly recorded.

After issue joined, the action was submitted to the trial court upon an agreed statement of facts. The defendant Day was the only party defendant who appeared in the action.

The trial judge found that all the right, title and interest of the mortgagor Henry Thompson in the mortgaged premises passed by the execution sale to the defendant Day, subject to his right to redeem and to the lien of the mortgage, and that no redemption was made. He further found that as to the interest in the lands so acquired by the defendant Day, the lien of the mortgage ceased to exist on January 1, 1931, and that on that date Day became the absolute owner of all the right, title and interest of Henry Thompson, free and clear of the lien of the mortgage. The court further found, concerning the interest of the wife of Thompson in the lands (she not having signed the note), that as between her and the mortgagee, the mortgage was still in force; that the debt for which the mortgage was given as security had not been paid, and that the statute of limitations had not run against it; that the plaintiff was en-

titled to a judgment against the defendants Thompson and wife for the sums set forth in the agreed statement of facts and to a decree of foreclosure, foreclosing all of the right, title and interest of Mrs. Thompson in the lands; and that the defendant Day was entitled to a decree adjudging that he was the owner of all the right, title and interest of Henry Thompson in and to the lands, free and clear of the lien of the mortgage as to such interest.

A judgment and decree was entered in accordance with these findings. The appeal is from the judgment on behalf of the plaintiff corporation; it has specified many errors in its brief. By all of them, however, it is sought to have this court review the ruling of the trial judge made in its finding that the mortgage had ceased to be a lien as against the defendant Day. This question again involves section 8267, Revised Codes 1921, the pertinent portion of which reads as follows: "Every mortgage of real property made, acknowledged, and recorded, as provided by the laws of this state, is thereupon good and valid as against the creditors of the mortgagor or owner of the land mortgaged, or subsequent purchasers or encumbrancers, from the time it is so recorded until eight years after the maturity of the entire debt or obligation secured thereby, and no longer, unless the mortgagee * * * within sixty days after the expiration of said eight years, file * * * an affidavit," setting forth certain facts. This action was commenced prior to the enactment of Chapter 104, Laws of 1933, amending the above section. Hence the amended law has no application here.

The learned trial judge, as disclosed by the order filed herein which contains his findings of fact and conclusions of law, adopted the view that the mortgage was never extended, under section 8267, by the recorded affidavit, in that it was prematurely filed, and that the extension agreement was insufficient to extend the mortgage under the provisions of section 8264, by reason of the fact that the same was not executed and acknowledged by the plaintiff or its duly authorized agent on its behalf.

Assuming that the trial court was correct in its conclusion that the extension agreement and affidavit of renewal were wholly ineffectual to extend the existence of the mortgage, nevertheless, under the facts in this case, that conclusion was not determinative of the right of the plaintiff to foreclose its mortgage as against the defendant Day.

The provisions of section 8267 have been many times before this court. The eight-year period referred to therein, as applied to the facts in this case, terminated on January 1, 1931. The defendant Day was a creditor of the defendant mortgagor Henry Thompson, prior to July 19, 1929. In September of that year, Day became a judgment creditor of that defendant, and in the year 1930, Day bought all of the right, title and interest of the defendant Henry Thompson in and to the mortgaged lands and premises at sheriff's sale under execution issued on his judgment, and received his certificate therefor.

We have twice held that one who by deed becomes the owner of all the right, title and interest of the mortgagor at any time before the expiration of the eight-year period following the maturity of the entire mortgage indebtedness does not become the owner of the lands and premises mortgaged, free and clear of the mortgage lien, upon the expiration of that eight-year period, where no extension agreement pursuant to the provisions of section 8264, or affidavit of renewal pursuant to the provisions of section 8267, has been filed or recorded. (*Turner* v. *Powell*, 85 Mont. 241, 278 Pac. 512; *Reed* v. *Richardson*, 94 Mont. 34, 20 Pac. (2d) 1054.)

Again we held in the case of *First Nat. Bank of Whitefish* v. *Gutensohn*, 97 Mont. 453, 37 Pac. (2d) 555, where a judgment creditor of the mortgagor within the eight-year period following the maturity of the mortgage indebtedness accepted a second mortgage in settlement of the judgment, and the first mortgage was neither extended under the provisions of section 8264 nor renewed under those of section 8267, that the holder of the second mortgage might not after the expiration of the eight-year period assert the invalidity of the first mortgage,

by reason of section 8267, so long as the mortgage debt was alive.

Counsel for defendant Day argue that all of these cases are distinguishable from the one at bar upon the facts. It is urged that in this case Day was a creditor seeking to enforce collection of his debt by legal process, whereas in the cases of *Turner* v. *Powell* and *Reed* v. *Richardson*, supra, the defendant resisting the foreclosure of a mortgage had by voluntary conveyance as a purchaser become interested in the land, and in the *Gutensohn Case*, while the defendant had at one time been a creditor, he had by agreement changed his status to that of an encumbrancer. It is said that, under section 8267, three classes of persons are enumerated, viz., creditors, subsequent purchasers, and encumbrancers, and that in each of the cases previously decided by the court we were considering the rights of either purchasers or encumbrancers, and not creditors.

One who buys real property at execution or decretal sale is, by the terms of section 9441, said to be the purchaser of the property. On a sale of real property under execution or decree of foreclosure, the purchaser is substituted for, and acquires all the right, title and interest of, the judgment debtor in the property sold (sec. 9441; *Hamilton* v. *Hamilton*, 51 Mont. 509, 154 Pac. 717; *Lepper* v. *Home Ranch Co.*, 90 Mont. 558, 4 Pac. (2d) 722; *Brown* v. *Timmons*, 79 Mont. 246, 256 Pac. 176, 57 A. L. R. 1122; *Libby Lumber Co.* v. *Pacific States Fire Ins. Co.*, 79 Mont. 166, 255 Pac. 340, 60 A. L. R. 1), leaving in the judgment debtor only the bare statutory right to redeem. (*Lepper* v. *Home Ranch Co.*, supra, and cases cited.) This right of redemption is a personal privilege and not a property right, and is not the subject of levy and sale under execution. (*Hamilton* v. *Hamilton*, supra; *State ex rel. Hopkins* v. *Stephens*, 63 Mont. 318, 206 Pac. 1094; *Dyer* v. *Schmidt*, 67 Mont. 6, 213 Pac. 1117.)

The defendant Day having become the purchaser at the sale within the eight-year period specified in section 8267, and having acquired all the right, title and interest of the defendant Henry Thompson in and to the mortgaged lands and

premises, and no property right remaining in Thompson which could be seized by process, defendant Day ceased to be a creditor. He is now here asserting his rights, not as a creditor, but as a purchaser.

On the authority of our decisions cited supra, the mortgage was good and valid as against the defendant Day so long as the mortgage debt was not barred by the general statute of limitations. The trial court correctly found that the debt was not so barred, although the statute was pleaded. It was in error in finding that plaintiff's mortgage had ceased to be a lien good and valid as against the claims of the defendant Day, and should have found on the record in the case that the mortgage was prior and superior to the claim of defendant Day, and have caused to be entered a judgment in accordance with such finding.

The cause is remanded to the district court of Richland county, with direction to modify the findings and decree in accordance with the views herein expressed. The plaintiff will recover its costs on this appeal.

ASSOCIATE JUSTICES MATTHEWS, STEWART and MORRIS concur.

MR. CHIEF JUSTICE SANDS, being absent on account of illness, did not hear the argument and takes no part in the foregoing decision.