CLARENCE A. BELL, Plaintiff and Appellant, v. JOSEPH GUSSENHOVEN, et al., Defendants and Respondents.
No. 9554.
Submitted September 18, 1957. Decided November 14, 1957.
318 Pac. (2d) 251.

Mr. Clarence Hanley, Helena, for appellant.

Messrs. Kuhr & Weber and Mr. Fred J. Weber, Havre, for respondents.

Mr. Hanley and Mr. Weber argued orally.

MR. CHIEF JUSTICE HARRISON:

Plaintiff brought this action to quiet title to a tract of land in Hill County, Montana. His complaint alleged that he was in the actual, exclusive, open, notorious and continual possession of the property for a period of more than ten years prior to the institution of the action, and that he had paid all taxes during said period.

Defendants appeared by order of intervention, claiming title as heirs of the deceased grantee under a sheriff's certificate of sale on foreclosure, and as grantees under sheriff's deed obtained by the administratrix of the decedent's estate.

The evidence shows that plaintiff was granted a homestead

patent to the lands in question on November 11, 1918. He had filed upon the lands in 1913, occupied and used them for farming until along in 1921 or 1922 when he left the State of Montana, and since that time has never been back upon the lands.

On July 8, 1915, plaintiff executed a first real estate mortgage to Joseph Gussenhoven and thereafter executed two other mortgages, one to the Havre National Bank, the other to the Havre Trading Company. On January 5, 1923, the Havre Trading Company instituted an action to foreclose its mortgage and in said action the Havre National Bank, through its receiver, filed an answer and cross-complaint for the purpose of foreclosing its mortgage. The decree as rendered therein foreclosed both mortgages, adjudging the Bank mortgage to be prior to that of the Trading Company. The lands were sold pursuant to the decree at sheriff's sale on July 20, 1923, and certificate of sale issued to the receiver of the Havre National Bank.

On July 6, 1923, Joseph Gussenhoven instituted action to foreclose his mortgage, decree was entered, sheriff's sale held and at such sale Susan Gussenhoven became the purchaser and received the sheriff's certificate of sale.

Plaintiff's testimony was to the effect that he had his land leased and that certain parties used the lands with his permission and as his lessee; he never gave anything in writing to such persons and they have never paid any rent. In April of 1952 he gave one Walen a lease, but admitted that he never knew Walen to have used the lands previous to that time. It is admitted that the plaintiff has paid taxes during all the years.

Defendants' evidence disclosed that no part of the land was cultivated prior to 1952; that one O'Neil had been grazing his cattle on the land for more than twenty years and other people's cattle had grazed upon the land. O'Neil testified that while plaintiff never interfered with his use of the land he had never received from plaintiff a lease or any other kind of permission. He further testified that about ten or twelve years before the trial he had offered to lease and in the spring of 1952 he had

offered to purchase, but both offers were refused by the plaintiff; that he never paid any rent or any other consideration for the use of the land. This witness further testified that the plaintiff's land was strictly grazing land and except for a few forties which were included within O'Neil's own fence, no part had been enclosed by any fence since plaintiff left Montana.

While plaintiff has set forth fifteen specifications of error it ▉▉ is admitted that the sole issue presented by the appeal is the question of possession. The lands in question were grazing lands. While plaintiff contends that he has color of title by virtue of his patent the proof discloses that the foreclosure proceeedings divested him of title, leaving him with the privilege of redemption, which was admittedly never exercised. Upon the issuance of the sheriff's certificate of sale the title vested in Susan Gussenhoven. Willard v. Campbell, 91 Mont. 493, 11 Pac. (2d) 782; Hillsdale College v. Thompson, 99 Mont. 400, 44 Pac. (2d) 753. This being true then the claim of adverse title by the plaintiff is not under any written instrument, judgment of decree and the provisions of section 93-2509, R.C.M. 1947, would not apply, leaving the provisions of section 93-2511, R.C.M. 1947, applicable. This section reads:

"For the purpose of constituting an adverse possession by a person claiming title, not founded upon a written instrument, judgment or decree, land is deemed to have been possessed and occupied in the following cases only:

"1.  Where it has been protected by a substantial inclosure;

"2.  Where it has been usually cultivated or improved."

There is no testimony in the record that the land has been protected by a substantial inclosure, nor has it been cultivated or improved. In fact the plaintiff admitted upon cross-examination that as far as he knew from the time he left in 1921 or 1922 until the spring of 1952 there had never been any farming or cultivation on the land.

Contentions by the plaintiff with regard to possession of the land through lessees and tenants need not be discussed because of plaintiff's lack of color of title. Counsel for plaintiff recog-

nized this situation upon the trial when he remarked to the court: "We are not claiming that land on any title except adverse usage."

The district court found that the lands were not for more ▮ than ten years prior to the commencement of the action protected by substantial inclosure or enclosed by fence or otherwise; that the plaintiff at no time, since the year of 1923 and prior to the month of April, 1952, was in the actual, exclusive, open notorious or continual possession of the land, either in person or by tenant, and that during no part of that time did he occupy, possess or control any part thereof. There is ample evidence in the record to sustain these findings of the trial court.

The burden of proving adverse possession was upon the plaintiff. R.C.M. 1947, section 93-2507. He failed to sustain that burden.

The judgment of the district court is affirmed.

MR. JUSTICES CASTLES, BOTTOMLY and ANGSTMAN, concur.

MR. JUSTICE ADAIR, dissents.