STEPHEN W. RAWSON

*v.*

BETHESDA BAPTIST CHURCH.

*Opinion filed April 17, 1906.*

1. BILLS AND NOTES—*what is not voluntary payment.* Endorsement, by the grantors in a deed of trust, of a draft for insurance money payable jointly to them and the trustee, in order to enable the trustee to collect the draft, is not a voluntary payment to the trustee but only a means of obtaining payment, and does not preclude a recovery by the grantors, from the trustee, of the money belonging to them.

2. ASSUMPSIT—*when the defendant must account for money received.* Where a trust deed has been foreclosed and the property

sold the trust deed ceases to be of force, and if the trustee subsequently collects a draft for insurance money, payable jointly to himself and the grantors and endorsed by the grantors to enable the draft to be collected, he holds the money as agent of the grantors and not as trustee, and must account to them therefor.

3. Insurance—*effect where fire loss occurs after foreclosure.* Where an insurance policy on mortgaged property contains the usual clause making the loss, if any, payable to the mortgagee, if a loss occurs after the mortgage has been foreclosed and before the time for redemption expires the mortgagors are entitled to the insurance money subject to the terms of the foreclosure decree, and neither the property nor the insurance money is subject to the lien of the mortgage so as to give the trustee or the purchaser at the foreclosure sale a claim thereto.

Appeal from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Elbridge Hanecy, Judge, presiding.

Wheelock, Shattuck & Newey, for appellant.

James E. White, and Heckman, Elsdon & Shaw, (James G. Elsdon, of counsel,) for appellee.

Mr. Chief Justice Cartwright delivered the opinion of the court:

Appellee sued appellant in assumpsit for insurance money had and received by him for its use, and recovered a judgment for $1213.67 and costs, which was affirmed by the Branch Appellate Court for the First District.

The case was tried before the court without a jury, and counsel have argued it in this court solely on the questions of fact involved, which were decided by the trial court and have been finally settled by the judgment of the Appellate Court. No allusion is made in the argument to any question of law which we are authorized to decide, but counsel for appellant insist that the judgment should be reversed because the money was voluntarily paid by appellee to appel-

lant, and at the time the suit was brought the insurable interest of the appellee in the property destroyed by fire had ceased, both of which questions are purely questions of fact. It appears, however, from the abstract that the court held seven propositions of law which are not contained in the abstract, and refused four propositions, numbered 5, 9, 10 and 11, which are contained in it. We are not called upon to consider whether the court erred in refusing the propositions contained in the abstract, both because of the omission of the seven propositions which were held, and for want of any argument except the argument on the general findings of fact, but upon examination of the propositions we are of the opinion that the court committed no error in refusing them.

By the fifth proposition submitted by appellant the court was asked to hold that the endorsement by appellee of a draft drawn by an agent of the insurance company upon the company and delivering it to appellant with full knowledge of all the material facts and being under no coercion or duress, constituted, in law, a voluntary payment on the part of appellee. This was a proposition of fact, and not of law; and, even regarded as a conclusion of fact from the evidence, it was not correct. The facts proved were, that appellee executed a trust deed on its church property to the appellant, as trustee, to secure a loan; that a fire insurance policy of $2000 was obtained by appellee on the property with the usual mortgage clause, making the loss, if any, payable to the appellant, as trustee; that the trust deed was foreclosed and the property was sold to the complainant in the foreclosure suit on May 28, 1900, for $5550, leaving a deficiency of $416.05 due said complainant, for which a deficiency decree was entered; that the church building was burned on the night of May 29, 1900, and the loss was settled with the insurance company at $1500; that the agent of the insurance company drew a draft on the company for that money, payable to the joint order of the trustees of the church, and ap-

pellant, as trustee in the trust deed; that the trustees of the church endorsed the draft, and one of their number, who was also treasurer, went to the office of appellant with the agent of the insurance company, who delivered the draft to appellant, and that the trustee and treasurer who was present at such delivery did not know that there had been a foreclosure and sale. If the delivery of the draft had amounted to a payment by appellee, it was not with knowledge of all the material facts. The endorsement of the draft was not a payment, and the endorsement and delivery merely enabled appellant to collect the money. The agent had not surrendered the draft to appellee, but delivered it himself to appellant. The endorsement was necessary to enable appellant to collect the draft, which was not a payment but only a mode of obtaining payment. (*Brown* v. *Leckie*, 43 Ill. 497; *Woodburn* v. *Woodburn*, 115 id. 427.) Appellant collected the draft and paid to the complainant in the foreclosure suit the amount of the deficiency decree, and when afterward called upon to pay the balance to appellee, refused to do so. The fact that the draft had been endorsed to enable him to get the money has no influence on the question for whom he held the money after he got it.

The ninth and tenth propositions were mere abstract statements of supposed rules of law not applied to the case in any way, and they were properly refused for that reason, if for no other.

By the eleventh proposition the court was asked to hold that when the church was burned the insurable interest of the appellee therein was dependent upon its exercising its right of redemption from the sale, and having failed to exercise such right it had no right to the insurance money when the suit was brought; and that proposition, with the ninth and tenth, was designed to declare the law to be that the insurance money was subject to some sort of lien of the purchaser at the sale. The court was right in refusing them. The trust deed had been foreclosed and the property sold.

Appellant had ceased to be trustee and could not receive the insurance money in that capacity, but could only receive it as agent of appellee. The rights and liabilities of the parties had been fixed by the decree, which became the basis of title, and the trust deed had expended its force, so that the property was no longer subject to its provisions and stipulations. By the sale a new relation had been created, not depending in any way upon privity of contract between appellee and the purchaser, and the rights of such purchaser were not different in any respect from what the rights of any other person would have been if he had purchased at the sale. (*Wayman* v. *Cochrane,* 35 Ill. 151; *Seligman* v. *Laubheimer,* 58 id. 124; *Ogle* v. *Koerner,* 140 id. 170; *Davis* v. *Dale,* 150 id. 239; *United States Mortgage Co.* v. *Gross,* 93 id. 483; *Lightcap* v. *Bradley,* 186 id. 510.) Appellee still had an insurable interest in the property. It was entitled to the possession and use of the church during the period of redemption, and that possession and use were lost by its destruction. It had a right of redemption by paying the amount of the sale, with interest, and after the fire it would require the same amount to redeem the property, which was then without the building and worth less by the amount of the loss. Under the insurance contract appellee was entitled to the insurance money, and when appellant collected the draft he was bound to account to appellee for it. (1 Jones on Mortgages, sec. 409.) The purchaser at the sale acquired the right to a conveyance of the property at the end of the period of redemption if the property should not be redeemed, but his insurable interest was not covered by the contract of insurance under which the money was paid to appellant. Neither the property nor the insurance money was subject to any lien of the trust deed.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*