**Trustees of Schools of Township 17 North, Range 9 East of the Third P. M., Champaign County, State of Illinois, Plaintiff in Error, v. St. Paul Fire & Marine Insurance Company, Defendant in Error.**

1. INSURANCE, § 80*—*when mortgagee has no right of action on policy.* In an action to recover on a policy of fire insurance, where the right of plaintiff under the policy was to have the loss or damage paid to it as its interest as mortgagee may appear and plaintiff purchased the premises at the foreclosure sale for the full amount of the debt and costs and the premises were burned before the redemption period had expired, a demurrer is properly sustained to the declaration.

2. MORTGAGES, § 337*—*foreclosure as extinguishing mortgage.* On the purchase on foreclosure of the mortgaged premises by the mortgagee for the full amount of the mortgage debt and costs, the mortgage is extinguished.

3. MORTGAGES, § 337*—*what is effect of sale and purchase on foreclosure.* A mortgagee purchasing the mortgaged premises on foreclosure for the full amount of the mortgage debt and costs is before the redemption period expires no longer a mortgagee or trustee nor owner of the premises, but merely the holder of a certificate of sale in the foreclosure proceeding which may or may not ripen into ownership, depending on whether or not the property is redeemed.

Error to the Circuit Court of Champaign county; the Hon. FRANKLIN H. BOGGS, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed April 27, 1920.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Trustees of Schools v. St. P. F. & M. Ins. Co., 217 Ill. App. 468.

Little & Finfrock, for plaintiff in error.

Le Forgee, Black & Samuels and Green & Palmer, for defendant in error.

Mr. Presiding Justice Graves delivered the opinion of the court.

Plaintiff in error held a mortgage on certain premises, given to secure a debt. The owner of the premises procured a fire insurance policy covering a certain structure on said premises which contained the following provisions: "Loss or damage, if any, under this policy shall be payable to School Trustees Town 17, Range 9, Champaign Co., Ill., as mortgagee (or trustee), as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act of neglect of the mortgagor or owner of the within described property, nor by any foreclosure, or other proceedings or notice of sale relating to the property nor by any change in the title of ownership of the property  *  *  *." The mortgage was afterwards foreclosed and the premises were bid in by plaintiff in error for the amount of the judgment and costs. Before the period of redemption had expired the insured building was destroyed by fire and plaintiff began this suit to recover on the policy of insurance under the provisions above quoted. These facts appear from the declaration. A demurrer that was interposed by plaintiff in error to a plea was carried back to the declaration and sustained. Plaintiff in error elected to stand by its declaration and judgment was entered in bar of its action for costs.

The only rights plaintiff in error was given by the terms of the contract of insurance was to have the "loss or damage, if any, under this policy" paid to it as its interest, as mortgagee, appeared. By purchasing the premises in question at the foreclosure

sale for the full amount of the debt and costs, the mortgage was extinguished. Plaintiff in error was no longer a mortgagee or trustee or owner of the premises in question. It was merely the holder of a certificate of sale in the foreclosure proceeding which might or might not ripen into ownership according to whether there was a redemption from such sale or not. *Rawson v. Bethesda Baptist Church,* 221 Ill. 216; *Lightcap v. Bradley,* 186 Ill. 510. The rights of plaintiff in error under the policy have not been lost or invalidated "by any act of neglect of the mortgagor or owner * * * nor by any foreclosure, or other proceedings or notice of sale relating to the property nor by any change in the title or ownership of the property," but by reason of the fact that by its own voluntary act in becoming the purchaser of the premises for the full amount of the debt and costs, it extinguished its character as mortgagee and became the holder of a certificate of purchase of the property. The declaration failed to state a cause of action and the demurrer was properly sustained to it. The judgment is therefore affirmed.

*Judgment affirmed.*