BAKER, RECEIVER, RESPONDENT, v. PENNSYLVANIA FIRE
INSURANCE CO., APPELLANT.

(No. 6,208.)

° (Submitted November 28, 1927.   Decided January 7, 1928.)

[263 Pac. 93.]

*Fire Insurance—Policy—Contents—Presumptions—Notice of
Loss — Sufficiency — Mortgage Foreclosure Sale — Mortgagor
Retains Insurable Interest—Assignment—Appeal—Implied
Findings.*

Appeal—Implied Findings.
   1.  Where in a case tried by the court without a jury no find-
   ings are requested and none are made, it will be presumed on
   appeal that the court found in favor of respondent upon every
   issue necessary to support the judgment, and such implied find-
   ings will not be reversed unless there is a clear preponderance
   of the evidence against them.

Fire Insurance—Policy—Sufficiency to Meet Statutory Requirements.
   2.  A fire insurance policy specifying the parties between whom
   the contract is made, the rate of premium, the property insured,
   the risk insured against and the period of time during which
   the insurance is to continue, contains all the elements of a policy
   of insurance required by the provisions of sections 8106 and
   8107, Revised Codes 1921.

Same—Policy Presumed to Contain All Engagements of Parties.
   3.  Where a fire insurance policy contains the provisions referred
   to above (par. 2) it is presumed to contain all the engagements
   of the parties, hence provisions such as that any change in the
   interest, title or possession of the insured premises without agree-
   ment of the insurer indorsed thereon, failure to furnish certain
   proofs of loss by the insured within sixty days after the fire, etc.,
   should render the policy void, may not be included therein by
   implication.

Same—Delivery of Copy of Policy After Fire Completes Contract.
   4.  Delivery of a copy of a fire insurance policy (the original
   having been lost in transmission through the mails) after the
   insured building was destroyed by fire, was sufficient to complete
   the contract of insurance.

Same—Real Property—Sale on Foreclosure of Mortgage—Mortgagor
Retains Insurable Interest Which is Assignable.
   5.  While after a sale of real property under execution or order
   of sale, the judgment debtor has no title to the property sold
   and thereafter his right to redeem is but a personal privilege,
   such right of redemption is an insurable interest which continues

   1.  See 2 Cal. Jur. 876.
   2.  See 14 Cal. Jur. 423.
   4.  What constitutes delivery of policy, see note in 138 **Am. St. Rep.**
50.  See, also, 14 Cal. Jur. 426; 14 **R. C. L.** 898.
   5.  See 14 **Cal.** Jur. 465.

to exist after foreclosure sale and before the time of redemption has expired, and which he may assign, and if assigned the right to recover for a fire loss sustained during the period covered by the policy passes to the assignee.

Same—Notice of Loss—What Deemed Sufficient.

6. *Held,* that in the absence of a more specific provision for notice of loss sustained by fire, the provision of section 8142, Revised Codes 1921, to the effect that notice thereof given the insurer by some person insured, or entitled to the benefit of the insurance, without unnecessary delay, is controlling, and that where the insurer was notified of loss on the night of the fire by the mortgagee, and the day following one of its agents was advised of the fact by the insured and later one of its adjusters made an investigation, the requirement of the statute above was sufficiently complied with.

[1]    Appeal and Error, 4 C. J., sec. 2728, p. 779, n. 78, 79; sec. 2853, p. 877, n. 79.

[2]    Fire Insurance, 26 C. J., sec. 49, p. 56, n. 49.

[3]    Fire Insurance, 26 C. J., sec. 69, p. 72, n. 13.

[4]    Fire Insurance, 26 C. J., sec. 51, p. 58, n. 84.

[5]    Mortgages, 42 C. J., sec. 2069, p. 344, n. 58 New.

[6]    Fire Insurance, 26 C. J., sec. 10, p. 29, n. 15; sec. 476, p. 372, n. 28; sec. 596, p. 445, n. 17.

*Appeal from District Court, Cascade County; M. H. Meigs, Judge.*

ACTION by C. E. Baker, as receiver of the Denton State Bank of Denton, against the Pennsylvania Fire Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

*Messrs. Thelen & Frary,* for Appellant, submitted an original and a reply brief; *Mr. James W. Freeman* argued the cause orally.

*Messrs. Hurd, Rhoades, Hall & McCabe* and *Mr. C. E. Baker,* for Respondent, submitted a brief; *Mr. George E. Hurd* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

This is an action on an insurance policy. No question is raised on the pleadings, and they will only be referred to

6.    See 14 Cal. Jur. 569; 14 R. C. L. 1336.

incidentally so far as essential. Plaintiff and defendant each contends that on October 6, 1921, the defendant issued a policy insuring certain property belonging to C. L. Stanley, located in Denton, Montana, against loss by fire, in a sum not to exceed $2,000, for a period of one year beginning October 11, 1921.

The Cook-Reynolds Company, with offices at Lewistown, was the agent of the defendant company authorized to issue policies of insurance and to collect premiums therefor, and as such issued the policy in question. Prior to October 11, 1921, the same property had been insured by defendant in the name of Arthur W. Miller. Stanley having succeeded to the interest of Miller, the policy by proper indorsement had been transferred to him. Some time before October 11 the Cook-Reynolds Company, by letter, called Stanley's attention to the fact that the policy was about to expire and that they would renew it unless advised to the contrary by him. Stanley did not reply to this letter. On October 6 a new policy, the one in question, was issued. While referred to as a renewal, it was a new, separate and distinct policy.

According to plaintiff's theory, Stanley never received the original of this policy. Mr. Cook, of Cook-Reynolds Company, was in Denton twice during the month of October and demanded payment of the premium due thereon from Stanley, but the latter refused payment, stating that he had never received the policy, and Cook promised to look the matter up and see that the policy was forwarded to Stanley. The insured property was destroyed by fire on or about November 27, 1921. Ten days after the fire, Cook, at Denton, again demanded payment of the premium on the policy from Stanley, who again stated that he had not received the policy, but on threat of suit paid the premium to Cook, who then promised to send him a duplicate of the policy issued, but did not do so. Finally, on January 20, 1922, the Denton State Bank, at that time acting as agent of Stanley, wrote to the Cook-Reynolds Company, asking for a duplicate policy, and in response thereto the company sent to the bank a document

which was introduced in evidence at the trial as plaintiff's exhibit "C," and which plaintiff claims was a duplicate of the insurance policy issued to Stanley. Although objection was made to the introduction of the exhibit, no error is predicated upon the action of the court in overruling the same. The material parts of this exhibit are as follows:

"Pennsylvania Fire Ins. Co. of Philadelphia, * * * in consideration of the stipulation herein named and of eighty-five and no/100 dollars, does insure C. L. Stanley for the term of one year from the 11th day of October, 1921, at noon, to the 11th day of October, 1922, at noon, against all direct loss or damage by fire, except as hereinafter provided. To an amount not exceeding two thousand and no/100 dollars to the following described property [describing the insured premises]. * * * Standard forms Bureau Form 53. * * * The provisions printed on the back of this form are hereby referred to and made a part hereof."

The provisions on the back of the exhibit which are referred to are not material to any question presented on this appeal.

On behalf of the defendant it was contended that plaintiff's exhibit "C" was not the policy of insurance issued to Stanley by the defendant through the Cook-Reynolds Company on October 6, but that said exhibit "C" was merely a copy of the record of the policy actually issued, taken from the policy register kept by that company as agent of the defendant; that the defendant furnished this agent with what is known as a standard form of insurance policy which was used in issuing policies, and that there is usually attached thereto what is known as a standard form of insurance riders; that it issued its policy No. 301382 to Stanley on October 6, and that plaintiff's exhibit "C" comprises merely copies of riders or forms which were attached to said policy; that said policy was in the form of its exhibit No. 10, which was introduced in evidence; that the original of said policy was mailed to and received by Stanley.

Exhibit No. 10 contains provisions making the entire policy void if any change should take place in the interest, title or possession of the subject of the insurance, other than by the death of the insured, unless otherwise provided by agreement indorsed thereon, or if with the knowledge of the insured notice be given of sale of any of the insured property by virtue of any mortgage or trust deed; and also provides that written and verified proofs of loss containing certain specifically required information must be furnished by the insured within sixty days after a loss by fire, and that no action should be sustainable in any court for the recovery of any claim until such requirement had been fulfilled.

The defendant alleged in its answer that these conditions and requirements had been breached by Stanley. Plaintiff's exhibit "C" does not contain any of the conditions and requirements which are found in defendant's exhibit 10.

The cause was tried to the court without a jury. It was shown without dispute that at the time of the fire a mortgage rider was attached to the policy, making loss, if any, payable to Denton Mercantile Company as its interest might appear; that subsequent to the fire defendant paid to said Denton Mercantile Company the sum of $478.69, being the full amount of its mortgage interest in the insured premises, and that thereafter said Stanley sold, assigned and transferred to the plaintiff all his right, title, claim and interest in and to the proceeds of said policy of insurance and the cause of action which had accrued to him thereunder.

The court was not requested to and did not make findings of fact or conclusions of law, but rendered judgment in favor of the plaintiff for the sum of $1,281.45, and from this judgment the defendant has appealed.

Counsel for defendant have made three specifications of error which charge that the court erred in rendering judgment in favor of plaintiff, because of breaches in the conditions and requirements of the policy which defendant claims was issued to Stanley. It is clear, therefore, that the first matter to be

determined is whether plaintiff's exhibit "C," or defendant's exhibit 10, contains the stipulations upon which recovery must be based.

Besides the testimony above referred to in stating the theories of the parties, each introduced additional evidence tending to support the respective contentions. C. L. Williamson, one of the four men comprising the Cook-Reynolds Company, testified that prior to the time of the issuance of the insurance policy to Stanley on October 6, 1921, his company had issued two other policies covering the same property; that his company kept records of policies issued, and he stated that defendant's exhibits 5 and 6 were copies of the two policies theretofore issued on this property. These exhibits were then offered and admitted in evidence "to show that the present policy renewed the former policies in this company." Exhibit 5 covered the period from October 11, 1919, to October 11, 1920, and exhibit 6 covered the period from October 11, 1920, to October 11, 1921, and each of these exhibits is in substantially the same form as plaintiff's exhibit "C" and does not contain any of the conditions and requirements which are set forth in defendant's exhibit 10.

Another witness, a former employee of the Cook-Reynolds Company, testified that the form shown in defendant's exhibit 10 was used in the policy issued to Stanley; that the same was inclosed in a letter written to Stanley on October 6, which letter was either placed in the United States mail at Lewistown, or in the basket for outgoing mail in the office of the Cook-Reynolds Company. Neither of these witnesses testified that the policy referred to by him was in fact mailed to Stanley or otherwise delivered to him.

C. L. Stanley, appearing as a witness for the plaintiff, testified to his conversations with Mr. Cook, of Cook-Reynolds Company, in October, 1921, prior to the fire, and also to the one with him subsequent to the fire, in which Cook was demanding payment of the premium due on the policy and which Stanley refused to pay because he had never received

the policy, and that finally he did make payment upon Cook's promise to send a duplicate policy, and he further stated that the only policy which was ever received was the one which was sent to the Denton State Bank upon its request when acting as his agent, and that this policy was plaintiff's exhibit "C."

Other facts and circumstances appeared in the evidence tending to support the contentions of the respective parties which need not be recited.

When a case is tried to the court without a jury, if no [1] findings are made and none are requested, it will be presumed that the court found in favor of the prevailing party upon every issue necessary to support the judgment (*Crosby* v. *Robbins,* 56 Mont. 179, 182 Pac. 122), and such findings will not be reversed unless there is a clear preponderance of the evidence against them. (*Croft* v. *Bain,* 49 Mont. 484, 143 Pac. 960.)

In view of the foregoing evidence, which is in direct conflict on the question of whether plaintiff's exhibit "C" was the insurance policy issued to Stanley by defendant on October 6, 1921, or whether such policy was in the form indicated by defendant's exhibit 10, we cannot say that it clearly preponderates against an implied finding that plaintiff's exhibit "C" was the policy issued, and such implied finding must be sustained.

Exhibit "C" contains all the elements of a policy of insur- [2] ance required by the provisions of sections 8106 and 8107, Revised Codes of 1921; that is, it specifies the parties between whom the contract is made, the rate of premium, the property insured, the risk insured against, and the period during which the insurance is to continue. (1 Joyce on Insurance, sec. 145.)

Counsel for defendant contend that the conditions and [3] requirements contained in their exhibit 10 should be included in the policy issued, by implication, and in that connection cite *Hartford Fire Ins. Co.* v. *Tatum* (C. C. A.), 5 Fed. (2d) 169; *De Noya* v. *Fidelity Phoenix Ins. Co.,* 110 Okl.

235, 237 Pac. 125; *Hicks* v. *British American Assur. Co.*, 162 N. Y. 284, 48 L. R. A. 424, 56 N. E. 743; *Shabeck* v. *Standard Fire Ins. Co.*, 46 R. I. 121, 125 Atl. 288. In the first of the cited cases no written policy had been issued. There was simply an agreement to insure. The court held that under such circumstances it would be presumed that the parties contemplated "such form of policy, containing such conditions and limitations as are usual in such cases, or have been used before between the parties." Likewise, in the last three cases cited, no written policy had been issued, but it appears that in Oklahoma, New York and Rhode Island, the statutes provide a standard form of insurance policy, and these cases hold that when an oral contract for insurance has been entered into between the agent and the owner it will be deemed to include the statutory standard form of the policy. No such standard form of policy is provided for under the laws of this state.

The policy having been reduced to writing, as shown by exhibit "C," is presumed to contain all the engagements of the parties, and all the conditions upon which its fulfillment can be claimed. (1 Joyce on Insurance, sec. 145.)

Although exhibit "C" was not delivered until after the [4] loss occurred, such delivery was sufficient to establish the completion of the contract. (23 C. J. 58; *El Dia Ins. Co.* v. *Sinclair* (C. C. A.), 228 Fed. 833; *Aetna Ins. Co.* v. *Renno*, 93 Miss. 594, 46 South. 947; *Rayburn* v. *Casualty Co.*, 138 N. C. 379, 107 Am. St. Rep. 548, 50 S. E. 762.)

We are next led to consider whether the plaintiff's assignor, [5] Stanley, had an insurable interest in the property at the time it was destroyed by fire. If he had not, the policy was void. (Sec. 8075, Rev. Codes 1921.) Defendant's contention that such an interest did not exist is based on the fact that the lots upon which the insured building was located had been sold at sheriff's sale on October 22, 1921, under mortgage foreclosure proceedings against Stanley, and that thereafter he only had a right to redeem the property from such sale which would expire on October 22, 1921, and upon our cases

[81 Mont. 271.]

of *McQueeney* v. *Toomey*, 36 Mont. 282, 13 Ann. Cas. 316, 122 Am. St. Rep. 358, 92 Pac. 561, *Citizens' National Bank* v. *Western Loan & Building Co.*, 64 Mont. 40, 208 Pac. 893, *State ex rel. Hopkins* v. *Stephens*, 63 Mont. 318, 206 Pac. 1094, *Libby Lumber Co.* v. *Pacific States Fire Ins. Co.*, 79 Mont. 166, 255 Pac. 340, and *Brown* v. *Timmons*, 79 Mont. 246, 256 Pac. 176, which hold that after a sale of real property under execution or order of sale and before redemption, the judgment debtor has no title to the property sold, and that the right to redeem is only a personal privilege.

It does not necessarily follow from the above cases that Stanley's insurable interest in the property terminated by the sale of October 22, 1921. Section 8070, Revised Codes of 1921, provides: ''Any interest in property, or any relation thereto, or liability in respect thereof, of such a nature that a contemplated peril might directly damnify the insured, is an insurable interest.'' The right to redeem may be sold, assigned and transferred by the judgment debtor. (*McQueeney* v. *Toomey*, supra; *Brown* v. *Timmons*, supra.) It is readily conceivable that this right to redeem may be a valuable one and that its value might be dependent upon the maintenance of the buildings upon the property sold. To illustrate: If A's property, consisting of a piece of land valued at $1,000, with a building located thereon of the value |of $5,000, were sold under foreclosure proceedings in a suit of B against A for $800, the purchaser would immediately acquire all of A's title and interest in this property. A would have the right to redeem from this sale. This right would be valuable and dependent upon the maintenance of the building upon the property during the period of redemption, the same as it had been prior to the sale. The destruction of the building by fire would damnify A by decreasing the value of the right to redeem. If the building was insured against loss by fire, A's loss would be just the same whether the structure was destroyed before or after the sale under the foreclosure proceedings. It would require the same amount

to redeem the property after a loss or destruction of the building by fire as before, although it would be worth less to the extent of the amount of the loss.

The policy in question insured Stanley against all direct [6] loss or damage by fire for a period of one year from noon of October 11, 1921. The loss occurring subsequent to the sale of the property under foreclosure proceedings came within its provisions, and the right to recover therefor passed to the plaintiff by the assignment. This subject was given consideration in *Twin City Ins. Co.* v. *Stockmen's National Bank,* 261 Fed. 470, and it was there held: ''Although the mortgagor's right of redemption is not subject to execution under the laws of Montana, it is a right of such a nature that the owner thereof may suffer loss by the destruction of the property, and the total risk of loss does not rest alone upon the purchaser at the foreclosure sale.''

It seems to be the general rule that the mortgagor's insurable interest in the mortgaged property continues to exist after foreclosure sale and before the time for redemption has expired. (2 Joyce on Insurance, p. 2118, secs. 1038, 1039; 26 C. J. 29; *Strong* v. *Manufacturers' Ins. Co.,* 10 Pick. 40, 20 Am. Dec. 507; *Rawson* v. *Baptist Church,* 221 Ill. 216, 6 L. R. A. (n. s.) 448, 77 N. E. 560; *Essex Savings Bank* v. *Meriden Fire Ins. Co.,* 57 Conn. 335, 4 L. R. A. 759, 17 Atl. 930; *Loy* v. *Home Ins. Co.,* 24 Minn. 315, 31 Am. Rep. 346.)

It is our conclusion that the rule stated in *Twin City Ins. Co.* v. *Stockmen's National Bank,* supra, is the correct one to be followed in this case and that Stanley's insurable interest in the property continued to exist at the time of its destruction by fire.

It is argued by the defendant that no sufficient notice of loss was given by the insured. Section 8142, Revised Codes of 1921, provides: ''In case of loss upon an insurance against fire, an insurer is exonerated, if notice thereof be not given to him by some person insured, or entitled to the benefit of the insurance, without unnecessary delay.''

In this case the defendant was notified of the loss of the insured building on the night of the fire, by Denton Mercantile Company, the mortgagee. The day following one of its agents was in the town of Denton trying to collect the premium on the policy and was advised by Stanley of the fact that the insured property had been destroyed. In the month of December following, an adjuster representing this defendant visited the scene of the fire and made an investigation in connection therewith. In the absence of any specific requirement in the policy for further proofs of loss, it must be held that the notice given was sufficient to comply with the requirements of the statute.

We find nothing in the points urged by appellant which requires reversal of the judgment, and the same is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, MATTHEWS and GALEN concur.