BAKER, RECEIVER, RESPONDENT, *v.* UNION ASSURANCE SOCIETY OF LONDON, LIMITED, APPELLANT.

(No. 6,209.)

(Submitted November 28, 1927.   Decided January 7, 1928.)

[264 Pac. 132.]

*Fire Insurance — Assignment of Policy — Change of Title — Provision Against may be Waived — Foreclosure Sale — Redemption—Insurable Interest in Mortgagor—Powers of Agent — Pleadings — When Deemed Amended—Evidence— Objection—Waiver.*

Fire Insurance—Assignment of Interest of Insured Includes Assignment of Policy.
   1. An assignment of a fire insurance policy stating that the interest of the insured as owner of the property covered by the

---

1.   See 14 Cal. Jur. 532.

policy is assigned to a person named, is an assignment of the policy and not merely an assignment of the interest of the insured in the property covered by it, and carries with it the right of the assignee to maintain an action thereon.

Same—Real Property Mortgage—Foreclosure—Right of Redemption is Insurable Interest. 3. The right of redemption remaining in the mortgagor of real property upon which a building is situate, after foreclosure sale, is an insurable interest which continues to exist after the sale.

Same—Change in Interest or Title to Property—Provision in Policy may be Waived by Parol Agreement Through Agent. 4. The condition in a fire insurance policy that it shall become void if any change other than by death of the insured shall take place in the interest, title or possession of the subject of the insurance without the consent of the insurer indorsed thereon, is enforceable, but may be waived by a subsequent parol agreement through an authorized agent of the insurer.

Same—When Local Agent Held General Agent of Insurer. 5. A local agent of a fire insurance company who had authority to accept risks, issue policies and cancel the same, collect premiums and consent to assignments of policies and to a change of title on foreclosure, unrestricted or hedged about with limitations, will be held to have possessed the powers of a general agent of the insurer.

Same—Change of Title to Property—Policy Provision may be Waived. 6. Where the agent of a fire insurance company knew, before writing a policy, that the property in question was mortgaged

---

2. Construction of condition avoiding policy upon foreclosure of mortgage, see note in 16 **Ann. Cas.** 664. See, also, 14 **R. C. L.** 27. Judicial or foreclosure sale as breach of condition against sale in fire policy, see note in 2 **Ann. Cas.** 358.

4. The parol evidence rule as to varying or contradicting written contracts as affected by doctrine of waiver or estoppel as applied to policies of insurance, see note in 16 **L. R. A.** (n. s.) 1165. See, also, 14 **R. C. L.** 1166.

5. See 14 **Cal. Jur.** 455; 14 **R. C. L.** 872, 1158.

6. Acts and knowledge of agents when prevent forfeiture, see note in 9 **Am. St. Rep.** 230. See, also, 14 **Cal. Jur.** 523; 14 **R. C. L.** 1167. Estoppel to insist upon forfeiture because of knowledge of agent, see note in 26 **Am. Rep.** 370. See, also, 14 **Cal. Jur.** 526, 14 **R. C. L.** 1167.

[81 Mont. 281.]

and that foreclosure proceedings were pending, and thereafter knew of its sale and that the insured was to remain in possession during the period of redemption, and upon inquiry by the latter assured him that the policy was all right without an indorsement relative to the sale, his knowledge was imputable to his principal, and in an action on the policy to recover for loss under it, the insurer must be held to have waived the condition relative to change of title without its consent.

Appeal—When Complaint Deemed Amended to Admit Proof not Warranted by Pleading.
7.  Where plaintiff is permitted, without objection by defendant, to introduce testimony not warranted by the allegations of his complaint, the pleading will on appeal be regarded as having been amended to admit the proof, if necessary to sustain the judgment.

Trial—Evidence—Ground of Objection Particularly Pointed Out Waives Prior General One.
8.  Where, when a deposition was offered in evidence it was objected to on the ground that it was incompetent, irrelevant and immaterial, but when a certain question therein relative to a conversation between the agent of defendant company and another was reached, the specific objection thereto was urged on the ground that what the agent said was not binding on the company, the former objection was waived, under the rule that when a ground of objection to a question is particularly pointed out, all others to that question are waived.

---

[1]  Fire Insurance, 26 C. J., sec. 156, p. 133, n. 50; sec. 682, p. 486, n. 4.
[2]  Fire Insurance, 26 C. J., sec. 299, p. 239, n. 23.
[3]  Fire Insurance, 26 C. J., sec. 10, p. 29, n. 17.  Mortgages, 42 C. J., sec. 1948, p. 279, n. 31.
[4]  Fire Insurance, 26 C. J., sec. 279, p. 229, n. 7; sec. 377, p. 304, n. 77.
[5]  Fire Insurance, 26 C. J., sec. 360, p. 287, n. 55.  Insurance, 32 C. J., sec. 134, p. 1058, n. 30.
[6]  Fire Insurance, 26 C. J., sec. 354, p. 284, n. 96, 97; sec. 360, p. 287, n. 55; sec. 368, p. 297, n. 91; sec. 377, p. 304, n. 75, 77.
[7]  Appeal and Error, 4 C. J., sec. 2683, p. 750, n. 96.
[8]  Trial, 38 Cyc., p. 1397, n. 78.

*Appeal from District Court, Cascade County; W. H. Meigs, Judge.*

ACTION by C. E. Baker, as receiver of the Denton State Bank of Denton, against the Union Assurance Society of London, Limited.  From a judgment for plaintiff, defendant appeals.  Affirmed.

---

8.  See 2 Cal. Jur. 270; 2 R. C. L. 91.

*Messrs. Freeman, Thelen & Frary,* for Appellant, submitted an original and a reply brief; *Mr. James W. Freeman* argued the cause orally.

The evidence in this case shows that at the time of the issuance of the policy of the insurance Claude Stanley was the owner of the property insured. That thereafter the sheriff of Fergus county made, executed and delivered to one C. S. Harris a sheriff's certificate of sale covering and including the property insured by the policy of insurance. Upon the issuance of the sheriff's certificate the title to the property was conveyed to C. S. Harris and Claude Stanley was no longer the owner of the property and such conditions existed and continued so until the property was destroyed by fire. This court has repeatedly held that the sheriff's certificate transfers to the purchaser all of the right, title, interest and possession of the judgment debtor and that thereafter judgment debtor has merely a personal right of redemption, which is not even a property right. (*McSweeney* v. *Toomey,* 36 Mont. 282, 122 Am. St. Rep. 358, 13 Ann. Cas. 316, 92 Pac. 561; *Citizens' Nat. Bank* v. *Western Loan & Bldg. Co.,* 64 Mont. 40, 208 Pac. 893; *State ex rel. Hopkins* v. *Stephens,* 63 Mont. 318, 206 Pac. 1094; *Libby Lumber Co.* v. *Pacific States Fire Ins. Co.,* 79 Mont. 166, 255 Pac. 340; *Brown* v. *Timmons,* 79 Mont. 246, 256 Pac. 176.) It therefore appears that at the time of the fire that Claude Stanley was not the owner of the property destroyed, that his interest insured at the time the policy was written was not in existence when the loss occurred and that there were no written agreements indorsed on the policy or added to the policy relative to this matter and that therefore, by the expressed terms of the policy contract the contract became void and this company is not liable upon the same. In order to avoid this defense the plaintiff did attempt to set up an estoppel and waiver of the provisions of the contract of insurance relative to this change in interest and title. He alleged that Claude Stanley at the time he ap-

plied for a policy of insurance had informed the agent of the company that the property was subject to a mortgage and that the foreclosure proceedings were pending, and that it would probably result in a sale of the property and requested that the agent prepare the policy so as to afford both Stanley and C. S. Harris indemnity against loss in the event the property was destroyed by fire during the term of the policy and that Stanley believed and assumed that the policy of insurance was at all times in full force and effect after the sale of the property. As opposed to this contention we cite: *Hanson* v. *National Liberty Fire Ins. Co.*, 100 N. J. L. 215, 126 Atl. 453; *Hendricks* v. *National Union Fire Ins. Co.*, 205 Ky. 283, 265 S. W. 795; *St. Paul Fire & Marine Ins. Co.* v. *Ruddy*, 299 Fed. 189; *Bruce* v. *Hartford Fire Ins. Co.*, 31 Ga. App. 116, 120 S. E. 13; *Fire Association of Philadelphia* v. *Nime*, 9 Fed. (2d) 28.

In the case of *London & Liverpool Ins. Co.* v. *McWilliams*, 68 Law Insurance Journal, 630, it is stated: "An agent who is authorized only to collect and take applications for insurance, receive the premiums, and deliver the policies after it has been signed by the proper officers, has no authority, express or implied, to waive a breach of any condition of the policy after it has been delivered." Again, in the case of *Boston Ins. Co.* v. *Hudson*, 11 Fed. (2d) 961, it is stated: "It is equally well settled that the mere fact that the insurance company, or its agent have notice of the breach before a loss will not avail the assured, or constitute a waiver of a breach or work an estoppel." (See, also, *Hole* v. *National Fire Ins. Co.*, 68 Law Insurance Journal, 635 (Kan.); *Tuttle* v. *Pacific Mutual Life Ins. Co.*, 58 Mont. 122, 16 A. L. R. 601, 190 Pac. 993; *Collins* v. *Metropolitan Life Ins. Co.*, 32 Mont. 329, 108 Am. St. Rep. 578, 80 Pac. 609, 1092; *Northern Assur. Co.* v. *Grand View Bldg. Assn.*, 183 U. S. 308, 46 L. Ed. 213, 22 Sup. Ct. Rep. 133.)

*Mr. C. E. Baker* and *Messrs. Hurd, Rhoades, Hall & Mc-Cabe,* for Respondent, submitted a brief; *Mr. Geo. E. Hurd* argued the cause orally.

There can, of course, be no question that the provisions in the policy regarding alienation is valid under our statutes and the authorities generally, as suggested by appellant in its brief. It is likewise true that the sale under foreclosure transferred to Harris title to the property, subject to redemption. Stanley thus retained, after sale, an insurable interest in the property, for a right of redemption is an insurable interest. (14 R. C. L. 916; 2 Joyce on Insurance, sec. 1039; 1 Cooley's Briefs on Insurance, 187; *Rawson* v. *Bethesda Baptist Church,* 221 Ill. 216, 6 L. R. A. (n. s.) 448, 77 N. E. 560; *Essex Savings Bank* v. *Fire Ins. Co.,* 57 Conn. 335, 4 L. R. A. 759, 17 Atl. 930, 18 Atl. 324; *Loy* v. *Home Ins. Co.,* 24 Minn. 315, 21 Am. Rep. 346; 26 C. J. 29; *Stephens* v. *Illinois Mutual Ins. Co.,* 43 Ill. 327; *Twin City Ins. Co.* v. *Bank,* 261 Fed. 470.)

Grant, the agent of appellant, knew of the following matters in connection with the property insured: (1) That such property was mortgaged to Harris; (2) That foreclosure proceedings had been commenced; (3) That foreclosure proceedings were pending; (4) That the property was sold under foreclosure to Harris; (5) That Stanley was to remain in possession during the year of redemption. With such knowledge Grant, upon inquiry from the insured, advised him that the policy was all right and that it was not necessary that there be any notation thereon relative to such foreclosure sale. Under these conditions, the authorities are in accord upon the proposition that the breach, if any, is waived, and the insurer is estopped to claim a forfeiture. Grant had authority to (1) Solicit policies of insurance; (2) Write policies of insurance; (3) Collect premiums. He was, therefore, a general agent of the appellant. (3 Cooley's Briefs on Insurance, 2479–2481; *Mackintosh* v. *Agricultural Fire Ins. Co.,* 150 Cal.

440, 119 Am. St. Rep. 234, 89 Pac. 102; *Pollock* v. *German
Fire Ins. Co.,* 127 Mich. 460, 86 N. W. 1017.)

Grant, admittedly, here, wrote and issued the policy and
received the premium. He assented to the assignment of in-
terest of the insured. He inserted the conditions relative to
the mortgagee's interest, and so far as such mortgage was
concerned assented to a change of title or a foreclosure. Hav-
ing such authority, he also had authority to waive forfeitures
arising out of such changes. (3 Cooley's Briefs on Insurance,
2481; *Camden Fire Ins. Assn.* v. *Grubbs,* 133 Ark. 202, 202
S. W. 820; *Aetna Ins. Co.* v. *Kennedy,* 161 Ala. 600, 135 Am.
St. Rep. 160, 50 South. 73; *Manning* v. *Connecticut Fire Ins.
Co.,* 176 Mo. App. 678, 159 S. W. 750; *West* v. *National Cas-
ualty Co.,* 61 Ind. App. 479, 112 N. E. 115; *Liquid Carbonic
Acid Mfg. Co.* v. *Phoenix Ins. Co.,* 126 Iowa, 225, 101 N. W.
749; *Mercer* v. *Germania Ins. Co.,* 88 Or. 410, 171 Pac. 412;
*Ormsby* v. *Laclede Farmers' Mutual Fire & L. Ins. Co.,* 98
Mo. App. 371, 72 S. W. 139; *Georgia Ins. Co.* v. *Allen,* 128
Ala. 451, 30 South. 537; *Citizens' Ins. Co.* v. *Bridge Co.,* 113
Md. 430, 77 Atl. 378; *Jensen* v. *Palatine Ins. Co.,* 81 Neb.
523, 116 N. W. 286; *Wachter* v. *Phoenix Assur Co.,* 132 Pa.
428, 19 Atl. 289; *Home Fire Ins. Co.* v. *Wilson,* 118 Ark. 442,
L. R. A. 1918E, 409, 176 S. W. 688.)

Stipulations in policies requiring waivers to be indorsed
in writing on the policy may themselves be waived. To hold
otherwise would be a limitation upon the rights of the parties
to contract subsequent to the execution of the policy. (3
Cooley's Briefs on Insurance, 2606; *Phoenix Ins. Co.* v. *Grove,*
215 Ill. 299, 74 N. E. 141; *O'Leary* v. *German-American Ins.
Co.,* 100 Iowa, 390, 69 N. W. 686; *Continental Ins. Co.* v. *Bair,*
65 Ind. App. 502, 114 N. E. 763; *Tillis* v. *Liverpool L. & G.
Ins. Co.,* 46 Fla. 268, 110 Am. St. Rep. 89, 35 South. 171;
*Fair* v. *Metropolitan Ins. Co.,* 5 Ga. App. 708, 63 S. E. 812;
*United Zinc Co.* v. *General Accident Assur. Corp.,* 144 Mo.
App. 380, 128 S. W. 836; *Co-operative Ins. Co.* v. *Ray* (Tex.),
138 S. W. 1122; *Loftis* v. *Pacific Mutual Life Ins. Co.,* 38

Utah, 532, 114 Pac. 134; *German-American Ins. Co.* v. *Humphrey,* 62 Ark. 348, 54 Am. St. Rep. 297, 35 S. W. 428; *Allen* v. *Phoenix Assur. Co.,* 14 Idaho, 128, 95 Pac. 829; *Hartford Ins. Co.* v. *McCarthy,* 69 Kan. 555, 77 Pac. 90; *People's National Fire Ins. Co.* v. *Jackson,* 155 Ky. 150, 159 S. W. 688; *Grubbs* v. *North Carolina Home Ins. Co.,* 108 N. C. 472, 23 Am. St. Rep. 62, 13 S. E. 236; *Schmurr* v. *State Ins. Co.,* 30 Or. 29, 46 Pac. 363; *Wilson* v. *Commercial Union Assur. Co.,* 51 S. C. 540, 64 Am. St. Rep. 700, 29 S. E. 245; *Kahn* v. *Traders' Ins. Co.,* 4 Wyo. 419, 62 Am. St. Rep. 47, 34 Pac. 1069; *Mackintosh* v. *Agricultural Fire Ins. Co.,* 150 Cal. 440, 119 Am. St. Rep. 234, 89 Pac. 102; *Bush* v. *Hartford Ins. Co.,* 222 Pa. 419, 71 Atl. 916.)

MR. JUSTICE STARK delivered the opinion of the court.

This is an action on a fire insurance policy in which plaintiff, as receiver of the Denton State Bank, seeks to recover a judgment against the defendant for damages alleged to have been sustained on account of the destruction by fire of a certain frame building located at Denton, Montana, upon which defendant had issued a policy of insurance running to Claude Stanley, which damages and the right to recover the same it is alleged were assigned to Denton State Bank by said Stanley after the fire. The cause was tried to the court without a jury and judgment rendered and entered in favor of the plaintiff, from which the defendant has appealed.

The policy in question was issued on August 13, 1921, became effective October 1, 1921, extended for a period of one year from that date, was in the sum of $3,000, covered a frame building and sheds appurtenant thereto used as a livery-stable, located on lots 5 and 6 in block 14 of Denton, Montana, and contained, amongst others, the following provisions: "This entire policy unless otherwise provided by agreement indorsed hereon or added hereto shall be void if any change, other than by death of an insured, take place in the interest, title or possession of the subject of insurance, whether by legal

process or judgment or by voluntary act of the insured or otherwise." "That the policy is made and accepted subject to the following stipulations and conditions printed on the back hereof, together with such other provisions, agreements or conditions as may be indorsed hereon or added hereto, and no officer, agent or other representative of this Society shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached." "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed." There was a mortgage clause attached to the policy, making the loss, if any, payable to C. S. Harris as his interest might appear.

(1) Counsel for defendant, by the first specification of error [1] in their brief assert that the plaintiff is not the real party in interest and therefore not entitled to maintain this suit.

The admitted facts in this connection are that the insured property was destroyed by fire on or about November 27, 1921; that thereafter defendant made settlement with the mortgagee, Harris, for the amount of his mortgage interest in the insured property; that subsequent to the date of the fire Stanley signed an indorsement which was printed on the back of the policy, reading as follows: "Assignment of interest by assured. The interest of Claude Stanley as owner of the property covered by this policy is hereby assigned to Denton State Bank subject to the consent of the Union Assurance Society of

London, Limited,'' and thereafter the written consent of the defendant to such assignment was duly indorsed upon the policy.

Counsel urge that by this indorsement Stanley merely assigned his interest in the *property* covered by the policy and that it is insufficient to transfer to the plaintiff any right to the proceeds of the policy or a right to maintain an action thereon to recover the same.

An examination of the authorities shows that an assignment like the one signed by Stanley is treated as an assignment of the policy and carries with it the right of the assignee to maintain an action thereon. In *Ober & Sons* v. *Manufacturing Co.,* 145 Ala. 625, 40 South. 278, an assignment of an insurance policy had been made by the assured after a loss by fire on a form identical with the one signed by Stanley in this case, and the court said: ''This indorsement was sufficient to authorize an action on the policy by the assignee and, this court has held, transferred the policy when made after the fire although the policy contained the stipulation prohibiting the assignment.'' (See, also, *Hartford Ins. Co.* v. *Citizens' Bank,* 166 Ark. 551, 39 A. L. R. 1458, 266 S. W. 675; *Georgia Co-operative Fire Assn.* v. *Borchardt & Co.,* 123 Ga. 181, 3 Ann. Cas. 472, 51 S. E. 429.) Under these authorities the plaintiff standing in the place of the assignee of the policy, has a right to maintain this action thereon.

(2) Defendant's answer alleged that the conditions of the policy had been broken and the same rendered void, for the [2] reason that without any agreement therefor having been indorsed on the policy, (1) on or about the twenty-second day of October, 1921, all the property covered by the policy was sold by the sheriff of Fergus county under an order of sale issued out of the district court of that county, in an action wherein C. S. Harris was plaintiff and Grace Miller, Claude Stanley et al. were defendants, and a sheriff's certificate issued thereunder, showing that C. S. Harris had become the purchaser thereof, and that thereby a change in the interest and

title of the subject of insurance took place without the knowledge or consent of defendant or any of its officers or agents; (2) that subsequent to the issuance of the policy, with the knowledge of the assured, notice was given and published of the sale of the insured property on October 22, 1921, under the proceedings above referred to, and that neither the defendant nor any of its officers or agents had knowledge thereof until after the destruction of the property by fire.

To these matters the plaintiff by reply pleaded that by the acts and conduct of the defendant, which will be hereafter referred to, it had waived the same and was estopped from relying upon them as a defense to plaintiff's action.

There is no dispute over any fact leading up to or connected with the sale of the property by the sheriff above referred to. On July 9, 1921, C. S. Harris commenced an action in the district court of Fergus county to foreclose two mortgages held by him covering the lots upon which the insured building was located and such proceedings were had that on September 22, 1921, a judgment of foreclosure and sale was duly given and made therein, whereupon an order of sale was issued in the action, by virtue of which the sheriff of the county duly advertised the property for sale on the twenty-second day of October, 1921, and on that day sold it to C. S. Harris and delivered to him a certificate of sale therefor.

It is admitted that there was no agreement in writing indorsed upon or added to the insurance policy consenting to or recognizing the change of the interest and title of the insured property effected by the sheriff's sale.

We shall first consider the second of the defensive matters pleaded. The notice of sale therein referred to, and which it is claimed voided the policy, is the notice published and posted by the sheriff in connection with the sale of property under the foreclosure proceedings mentioned. The provisions of the policy do not apply to such a notice. The notice contemplated by the policy is one given in the enforcement of a mortgage under a power of sale which may be included therein and

292   Baker *v.* Union Assur. Soc. of London, Ltd.   [Dec. T. '27

[81 Mont. 281.]

without. court proceedings. (*Stenzel* v. *Penn Fire Ins. Co.,* 110 La. 1019, 98 Am. St. Rep. 481, 35 South. 271; 26 C. J. 239, and cases cited.)

In 4 Joyce on Insurance, section 2270B, it is said: "But a condition in a policy that it shall be void if, with the knowledge of the insured, notice of sale of any of the insured property shall be given by virtue of any mortgage or trust deed, has reference to extrajudicial enforcement of a mortgage by means of notice to the mortgagor."

The publication and posting of this notice, therefore, did not operate to render the policy void under the provisions thereof above quoted.

(3) This leaves for consideration only the questions arising as a result of the sale of the property on October 22, 1921.

Upon the issuance of the sheriff's certificate under such sale the title to the property passed to the purchaser, C. S. Harris, and Stanley had left only the right to redeem from the sale within the statutory period of one year. (*McQueeney* v. *Toomey,* 36 Mont. 282, 122 Am. St. Rep. 358, 13 Ann. Cas. 316, 92 Pac. 561; *State ex rel. Hopkins* v. *Stevens,* 63 Mont. 318, 206 Pac. 1094; *Libby Lumber Co.* v. *Pacific States Fire Ins. Co.,* 79 Mont. 166, 255 Pac. 340.)

However, Stanley's right to redeem was an insurable interest [3] in the property and continued to exist after the sale. (*Baker* v. *Pennsylvania Fire Ins. Co.,* ante, p. 271, 263 Pac. 93.)

The condition in the policy declaring that it should become [4] void if any change other than by death of the insured should take place in the interest, title or possession of the subject of the insurance without the consent of the company indorsed thereon or added to the policy, is valid and enforceable. (Joyce on Insurance, sec. 2246; *East* v. *New Orleans Ins. Assn.,* 76 Miss. 697, 26 South. 691.) But the condition in the policy may be waived by a subsequent parol agreement. (3 Cooley's Briefs on Insurance, 2606; *Mackintosh* v. *Agricul-*

*tural Fire Ins. Co.,* 150 Cal. 440, 119 Am. St. Rep. 234, 89 Pac. 102.)

Notwithstanding the further provisions of the policy that no officer, agent or representative of the defendant shall be deemed to have waived any condition or provision contained therein, unless such waiver shall be in writing indorsed upon or attached to it, an insured is not precluded from relying on a parol subsequent waiver by an authorized agent of the company. (3 Cooley's Briefs on Insurance, 1st ed., 2607, and cases cited; *Eagle Fire Co.* v. *Lewallen,* 56 Fla. 246, 47 South. 947; *Alexander* v. *Continental Ins. Co.,* 67 Wis. 422, 58 Am. Rep. 869, 30 N. W. 727.)

It is conceded that the insurance policy became forfeited by reason of the sale of the insured property by the sheriff on October 22, and the failure to have an agreement and consent thereto indorsed upon the policy, unless this provision had been waived or the defendant otherwise placed in a position where it was estopped from urging such failure as a defense to the plaintiff's action.

To establish the fact that this provision of the policy had been waived and that defendant was estopped from urging it as a defense to this action, the plaintiff testified that the insurance policy was issued to Stanley by Walton Hood Grant, as agent of the defendant company at Denton; that the plaintiff is an attorney at law and as such was representing Stanley in the foreclosure proceeding instituted by Harris above mentioned, and which was pending at the time the policy was issued on August 13, 1921; that before writing the policy the agent, Grant, went to the plaintiff's office to make inquiry concerning the status of Harris' mortgages; that the foreclosure proceedings were there discussed and Grant fully advised as to their exact status, and that about two weeks after the sale plaintiff had a conversation with Grant at his office in Denton, in which the fact that the insured property had been sold in the foreclosure proceeding was discussed.

The assured, Stanley, testified concerning the issuance of the policy in question by Grant on or about the thirteenth day of August, 1921, and that in a conversation with Grant at that time he explained to the agent that Mr. Harris had a mortgage on the premises which was being foreclosed, and that he was trying to make arrangements with Harris to remain in possession of the premises during the period of redemption; that Grant did not say anything about the foreclosure proceedings having anything to do with the insurance, and that Grant came to the insured premises to see him about the unpaid premium in the latter part of October. When the witness was asked about a conversation he had with Grant at that time, counsel for defendant objected to it solely "on the grounds that the same is not binding on the company as no indorsements relative to the same were placed on the policy in question." The objection was overruled and the witness said: "He [Grant] came down to collect the premium and I told him about the foreclosure proceeding and that the property had been sold to Mr. Harris and Mr. Harris held the sheriff's certificate of sale, and asked him if there should not be a notation placed upon the policy to that effect, and he said, no, the policy was all right. This conversation took place some time after the twenty-second day of October, 1921, about a month before the fire." Upon cross-examination concerning this conversation the witness said that when he asked Grant if there should not be a notation about the foreclosure and sale placed on the policy, he replied that "it was not necessary."

After the sheriff's sale Stanley remained in possession of the premises under an agreement by which he was to make monthly payments, which were to apply on the mortgage indebtedness and after he had paid back the money Harris was out on the foreclosure proceedings, the property should be deeded back to him. The agent Grant admitted knowledge of this agreement.

While the testimony of Grant who testified on behalf of the defendant, was not in entire accord with the statements

made by the plaintiff and Stanley, upon the whole record the court could not have well found that the facts were other than as testified to on behalf of the plaintiff.

The testimony showed that Grant was the agent of the [5] defendant at Denton and as such had authority to accept risks, issue policies of insurance, and that he claimed authority to cancel the same; that he had authority to collect premiums on such policies and to consent to assignments thereof, and to insert therein conditions relative to the interests of a mortgagee in the insured property and, so far as the mortgage was concerned, to consent to a change of title on foreclosure. There is not in the record a showing of any restriction or limitation upon his power as agent and, under the evidence, there can be no doubt whatever that he had ample authority to have indorsed upon the policy in question an agreement for a consent to a transfer of the interest and title to the insured property under the sale thereof by the sheriff on October 22, 1921, in accordance with the terms of the policy so as to have avoided the forfeiture thereof, and that such an agreement and consent would have been binding upon the company. The authority of Grant is not shown to have been restricted and hedged about with limitations such as the agents were in the case of *Careve* v. *Phoenix Ins. Co.*, 67 Mont. 236, 215 Pac. 235.

In *Wells-Dickey Co.* v. *American A. Ins. Co.*, 69 Mont. 586, 223 Pac. 489, it appeared from the agreed statement of facts that the insurance policy was written by one Farmer and that during the time in question he "was and now is the agent of the defendant company in Miles City, Montana." In speaking of the authority of this agent, the court said: "The stipulation in the record that Farmer was the agent of the defendant is not restricted by any statement showing limitation of his authority. By section 7930, Revised Codes of 1921, it is provided: 'An agent for a particular act or transaction is called a special agent. All others are general agents.'

Therefore, in the absence of a showing to the contrary, and there is none, it must be held that Farmer was the general agent of the company, which implies that he was an agent having exclusive charge and control of his principal's interests at Miles City and in the region tributary thereto; thus he stood in the position of a vice-principal.''

In the instant case, Grant testified that he was the agent of the defendant company at Denton ''for the soliciting and writing of policies and the collection of premiums.'' Still, as above pointed out, he did much more than to merely write policies and collect premiums, and in the absence of a showing of limitations upon his authority we think he must be held to have possessed the powers of a general agent of defendant at Denton. (*Bank of Anderson* v. *Home Ins. Co.*, 14 Cal. App. 208, 111 Pac. 507; 26 C. J. 287; *Continental Ins. Co.* v. *Ruckman*, 127 Ill. 364, 11 Am. St. Rep. 121, 20 N. E. 77; *Manning* v. *Connecticut Fire Ins. Co.*, 176 Mo. App. 678, 159 S. W. 750.)

As such agent, Grant knew before he wrote the policy that [6] the insured property was mortgaged to Harris and that proceedings were pending to foreclose the mortgage. He knew that the property had been sold at sheriff's sale and that Stanley was to remain in possession, at least during the period of redemption. This knowledge was imputable to the defendant. (*Wells-Dickey Co.* v. *American A. Ins. Co.*, supra; sec. 7959, Rev. Codes 1921.) With this knowledge, Grant advised Stanley, the insured, that the policy was all right, and that it was not necessary that there be a notation thereon relative to the sale of the insured property under the foreclosure proceedings. This statement was binding on the defendant under the authorities above cited.

The effect of a statement made under such circumstances is well set forth in *West* v. *National Casualty Co.*, 61 Ind. App. 479, 112 N. E. 115, in these words: ''It is well settled that, 'when one party has by his representations or conduct induced the other party to a transaction to give him an ad-

vantage which it would be against equity and good conscience for him to assert, he will not, in a court of justice, be permitted to avail himself of that advantage.' ''

In *Alexander* v. *Continental Ins. Co.*, 67 Wis. 422, 58 Am. Rep. 869, 30 N. W. 727, it is said that the authority of the agent to waive the condition of an insurance policy has been frequently asserted and ''this rule is absolutely necessary for the protection of the insured. The insured deals with no one but the agent; the company cannot deal with its patrons in any other way. Justice and law, therefore, require that the company shall be held to sanction what the agent agrees to, and upon which the insured relies. To allow the company to enforce a condition or forfeiture of the policy for a neglect to do that which the agent informs the insured shall not avoid the policy, would work the greatest injustice.'' Authorities to the same effect could be cited almost indefinitely and will be found referred to in the text-books and cases above mentioned.

When Stanley directed the attention of the defendant's agent to the fact that the insured property had been sold at the sheriff's sale, he must have had in mind the provisions of the policy which declared that it would become void in the event of a change in the interest, title or possession of the subject of the insurance, unless otherwise provided by an agreement indorsed thereon, for he inquired of the agent whether there should not be a notation of the sale made upon the policy, but the agent advised him that the policy was all right, and that such a notation was not necessary.

It would clearly be unjust and inequitable to allow the defendant to escape liability because no agreement concerning the change of title and interest of the insured property effected by the sheriff's sale was indorsed on the policy, when, speaking through its agent, it had advised Stanley, the assured, that such indorsement was not necessary.

We think the judgment should be affirmed, and it is so ordered.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, MATTHEWS and GALEN concur.

---

OPINION ON MOTION FOR REHEARING.

(Decided February 6, 1928.)

MR. JUSTICE STARK delivered the opinion of the court.

Upon petition for a rehearing in this action our attention is for the first time directed to certain allegations in the plaintiff's complaint and the defendant's answer which it is claimed amount to an admission of a limitation upon the power of the agent, Walton Hood Grant, in his conduct of the business of the defendant to that of a special agent, and that as such he did not have authority to waive by parol the provision of the policy relative to a change of interest of the insured that was binding upon the defendant.

Without regard to the allegations of the pleadings, it was [7] shown at the trial, without objection, that the agent did have authority as such to solicit insurance business for the defendant, to accept risks, to write policies of insurance, and that he claimed authority to cancel the same; that he had authority to collect premiums, to insert in such policies conditions relative to the interests of the mortgagee, and to consent to change of title on foreclosure. Under these circumstances, even though the allegations of the complaint may not have been broad enough to admit such proof, it will be regarded as having been amended at the trial in that respect, if this is necessary to sustain the judgment, under the provisions of section 9191, Revised Codes 1921. (*Ellinghouse* v. *Ajax Livestock Co.,* 51 Mont. 275, L. R. A. 1916D, 836, 152 Pac. 481; *State ex rel. Dansie* v. *Nolan,* 58 Mont. 167, 191 Pac. 150; *Galland* v. *Galland,* 70 Mont. 513, 226 Pac. 511.)

Having power to do these things, the authority of the agent, Grant, comes within the rule laid down in *Bank of Anderson* v. *Home Ins. Co.,* 14 Cal. App. 208, 111 Pac. 507, and other cases cited in the foregoing opinion, to the effect that "a local agent, who is clothed with general power to solicit and consummate contracts of insurance within a certain territory stands in the stead of the company and represents its whole power to give validity to the contracts which he is authorized to execute and to waive conditions precedent to liability by oral agreement, including the condition as to the mode of waiver of such condition precedent."

It is also asserted in the petition for rehearing that the [8] opinion of the court erroneously states that the testimony of the witness Claude Stanley relative to his conversation with the agent Grant was objected to solely "on the grounds that the same is not binding upon the company as no indorsements relative to the same were placed on the policy in question."

The testimony of this witness was taken by deposition and at the time counsel for plaintiff offered the same in evidence he stated it was "subject to the general objection that such evidence is incompetent, irrelevant and immaterial and does not go to prove any issue in the case." When the question calling for the conversation with the agent Grant, referred to in the opinion, was reached, an objection to the same was interposed by counsel for the defendant "for and on the grounds that the same is not binding on the company as no indorsements relative to the same were placed on the policy in question." By this the specific ground of objection to the question was pointed out to the court. The rule is that when the grounds of an objection to questions are particularly pointed out, all other grounds are waived. (*State* v. *Leehman,* 2 S. D. 171, 49 N. W. 3; *Triggs* v. *Jones,* 46 Minn. 277, 48 N. W. 1113; 8 Ency. Pl. & Pr. 266.) Hence the sole objection to this question that the court was called upon to consider was the specific one last made, and the statement

relative thereto is correct. The above-mentioned rule as to amendments is equally applicable to this testimony.

The motion for rehearing is denied.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, MATTHEWS and GALEN concur.